NO. 07-10-0080-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

APRIL 1, 2010

 

______________________________

 

 

IN RE MICKEY T. BRASWELL, RELATOR

 

_______________________________

 

 

ORIGINAL PROCEEDING

ON APPLICATION FOR WRIT OF MANDAMUS

 

______________________________

 

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

OPINION

            By this original proceeding, Relator,
Mickey T. Braswell, proceeding pro se and in forma pauperis, seeks a writ of mandamus
to compel the Honorable Richard Dambold[1]
to set aside an Order to Withdraw Inmate
Funds.  Pursuant to section
501.014(e) of the Texas Government Code Annotated (Vernon Supp. 2009), the
order directs the Texas Department of Criminal Justice to collect $1,392.50
from Relator's trust account to pay court costs, fines, and fees incurred by
him in Cause Number 17,581-B, styled The
State of Texas v. Mickey Thomas Braswell. 
For the reasons expressed herein, we deny Relator's request.

            By his petition for writ
of mandamus, Relator contends the trial court's order directing withdrawal of
funds from his trust account was rendered without procedural due process.  He maintains the order was not based on
pleadings, nor was he given an opportunity to respond.  Relator also complains that the Bill of Costs
accompanying the withdrawal order, which reflects $1,392.50 is owed, does not
reflect whether attorney's fees are included.

Mandamus Standard of
Review

Mandamus relief is extraordinary.  In re
Southwestern Bell Telephone Co., L.P.,
235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding.)  AMandamus issues only to correct a clear abuse of discretion
or the violation of a duty imposed by law when there is no other adequate
remedy by law.@ 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding), quoting Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 


Analysis

            In support of his due
process argument, Relator relies on Abdullah
v. State, 211 S.W.3d 938 (Tex.App.--Texarkana 2007, no pet.), and In re Keeling, 227 S.W.3d 391
(Tex.App.--Waco 2007, orig. proceeding), in which both courts found the inmates
had not been accorded due process and proper notice before funds were withdrawn
from their inmate trust accounts to satisfy court costs, fines, and fees.

            In
Harrell v. State, 286 S.W.3d 315
(Tex. 2008), the Texas Supreme Court held that an order directing prison
officials to withdraw money from an inmate trust account is a civil matter[2]
akin to a garnishment action or an action to obtain a turnover order.  Id.
at 317-19.  In determining whether
Harrell was accorded due process, the Court balanced three factors discussed in
Mathews v. Eldridge, 424 U.S. 319,
335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and noted that Harrell had
"already received some measure of due process."  Harrell,
286 S.W.3d at 320.

            The
three Eldridge factors considered in Harrell are: (1) the private interest
affected by the official action, (2) the risk of an erroneous deprivation of
such interests through the procedures used, and the probable value, if any, of
additional or substitute procedural safeguards, and (3) the Government's
interest, including the function involved and the fiscal and administrative
burdens that additional or substitute procedural requirements would
entail.  The Court found that private
interest is easily determined--the amount owed.    Regarding the risk of erroneous
deprivation, the Court identified the risk as modest where withdrawal notifications
under the statute are based on an amount identified in a previous court
document.  See Tex. Gov't Code Ann. § 501.014(e)(1)-(6)
(Vernon Supp. 2009).  The Court noted
that "Harrell was . . . notified of the costs assessed when the convicting
court sentenced him" and he was free to contest them at the time they were
assessed. Harrell, 286 S.W.3d at
320.  However, the Court went on to recognize
there could be a greater risk of erroneous deprivation in instances in which
the amount in the withdrawal order varied from the amount in the underlying
judgment or those instances where there were clerical or other errors.  Id.  In assessing the final factor, the
Government's interest, the Court addressed the fiscal and administrative
burdens of added or alternative procedures and concluded that the Texas
Department of Criminal Justice would face expending more money than it would
collect if it were required to conform to "full-blown" statutory
garnishment requirements.  In the Court's
opinion, such a procedure might subvert the Legislature's goal of efficient
cost-collection.  Id.

Harrell had been convicted of drug charges in 1997 and
2003.  In 2006, the convicting trial
court signed an order authorizing the Texas Department of Criminal Justice to
withdraw funds from his inmate trust account to pay for court costs and fees
for appointed counsel.  Harrell was
provided with copies of the withdrawal orders. 
He then moved to rescind the orders alleging denial of due process.  His motion was denied, and his direct appeal
to this Court was dismissed for want of jurisdiction on the ground that no
statutory mechanism was available for appealing a withdrawal order.  See
Harrell v. State, Nos. 07-06-0469-CR and 07-06-0470-CR, 2007 Tex. App. LEXIS
6416 (Tex.App.--Amarillo Aug. 13, 2007), rev'd,
286 S.W.3d 315 (Tex. 2008). 

In reversing this Court and rendering judgment affirming the
trial court's order denying Harrell's motion to rescind, the Supreme Court held
that due process is satisfied if an inmate receives notice and the opportunity
to be heard after funds are withdrawn.  Harrell, 286 S.W.3d at 321.  It concluded that because Harrell had
received notice (a copy of the withdrawal order) and an opportunity to be heard[3]
(the motion to rescind), he had received all that due
process required.  Id.  The Court added,
"[t]he Constitution does not require pre-withdrawal notice or a
comprehensive civil garnishment proceeding."  Id.

According to the documents before us, Relator was adjudicated
guilty of a criminal offense in 2006 and sentenced to five years
confinement.  In the underlying
proceeding, Relator was represented by court-appointed counsel.  Judgment was signed on November 20,
2006.  On October 26, 2009, the
convicting court signed an order directing the Texas Department of Criminal
Justice to withdraw funds from Relator's trust account to pay court costs,
fines, and fees.  A Bill of Costs[4]
was itemized as follows:

COURT COSTS                   $1,092.50

FINE                                       $1,000.00

CREDIT FOR
PAYMENTS            $   700.00

TOTAL                                    $1,392.50

            

            By letter dated February
5, 2010, Relator acknowledged receipt of the Bill of Costs but requested
clarification from the Randall County Criminal Court Collections Department on
whether attorney's fees were included therein. 
Relator also requested a copy of the judgment rendered in his criminal
case.  In response, the Randall County
District Clerk provided Relator with a more detailed Bill of Costs, dated
February 8, 2010, reflecting that the "court costs" of $1,092.50 did
include $800.00 in attorney's fees.  The
new Bill of Costs also reflected a fine of $1,000.00 and a credit of $810.00
for payments made.  The District Clerk
also provided Relator with a copy of the Judgment
Adjudicating Guilt entered in Cause Number 17,581-B.  The summary portion of that judgment
pertaining to "Costs" was left blank and the amount of costs was not
otherwise stated in the judgment.  The judgment
did, however, provide that the State of Texas "do have and recover of the
said Defendant [Relator herein] all costs in this proceeding incurred."

I.  Due Process

            The Texas Constitution
provides:

No citizen of this State shall be deprived of life,
liberty, property, privileges or immunities, or in any manner disfranchised,
except by the due course of the law of the land.

 

Tex. Const. art. I, § 19.[5]  Inmates have a property interest in their
inmate trust accounts.  See Tex. Gov't Code Ann. § 501.015(a)(2)
(Vernon Supp. 2009).  See also Reed v. State, 269 S.W.3d 619, 625 (Tex.App.--San Antonio 2008, no
pet.); Harrell, 286 S.W.3d at 319.

 

A.        Notice Satisfying Due Process

            Harrell holds
that an inmate is entitled to notice regarding withdrawal of funds from his
trust account.  286 S.W.3d at
320-21.  However, there is no requirement
for pre-withdrawal notice.  Id. at 321.  Providing an inmate with an order of
withdrawal is constitutionally sufficient notice.  Id.


            Relator was provided
with a copy of the trial court's Order to
Withdraw Inmate Funds.  Thus, according
to Harrell, he received notice
sufficient to justify the requirement of due process.      

B.        An Opportunity to be Heard

            In
Harrell, the defendant filed a motion to rescind the trial court's order of
withdrawal.  That motion was denied.  The Supreme Court found that Harrell's motion
constituted an opportunity to be heard, thus satisfying the second prong of the
due process analysis.  In sum, the
Supreme Court determined that Harrell received "some measure of due
process."  Id. at 320.

            In this proceeding,
there is nothing to reflect whether Relator has ever been granted the
opportunity to be heard regarding the issues of either the amount of court
costs (attorney's fees in particular) or his "financial resources that
enable him to offset in part or in whole the costs of the legal services
provided."  See article 26.05(g), Tex. Code Crim. Proc. Ann. Art. 26.05(g) (Vernon Supp. 2009).[6]
 The Supreme Court's edict that neither
notice nor the opportunity to be heard need occur before funds are withdrawn, id. at 321, presents a quandary for Relator.  He must still avail himself of the
opportunity to be heard, whether by motion in the trial court or otherwise, to
challenge the propriety of, or factual basis for, the assessment of court costs,
fines, and attorney's fees.  Only then,
can this Court determine whether Relator has been accorded "some measure
of due process" sufficient to satisfy the requirements of Harrell and thereby satisfy the mandamus
requirement of no other adequate remedy at law.  On the record before us, Relator has not demonstrated
that the trial court denied him due process by denying him an opportunity to make
that challenge, nor has he otherwise established his entitlement to mandamus
relief as the trial court followed the law in the rendering of an order of
withdrawal.  

II.         Assessment
of Costs and Fees

            Relying on Perez v. State, 280 S.W.3d 886
(Tex.App.--Amarillo 2009, no pet.), Relator raises a final argument challenging
the costs and attorney's fees assessed.  Relator
acknowledges that the 2006 judgment provides "the State of Texas do have
and recover of the said Defendant all costs in this proceeding incurred."  However, he points out that the judgment is
silent on the amount of "Costs." 


            In Perez, this Court, relying on a "fair and plain reading"
of article 26.05(g) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.
2009), held there must be some evidentiary basis to
support a trial court's decision to levy any fees on a defendant.  Recently, the Texas Court of Criminal Appeals
agreed with a similar decision of this Court and affirmed Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2009), aff'd, No. PD-0069-09, 2010 Tex. Crim.
App. LEXIS 100 (Tex.Crim.App., March 24, 2010). 
In Mayer, this Court held the
trial court erred in ordering reimbursement of appointed attorney's fees
without evidence to demonstrate that the appellant was "able to pay"
or had financial resources that would enable him to offset, in part or in
whole, the costs of legal services provided to him.  274 S.W.3d at 901.

            Perez and Mayer were
direct appeals in which each appellant raised the issue of the sufficiency of
the evidence to support an order for the reimbursement of court-appointed
attorney's fees.  Unfortunately for
Relator, he did not appeal at the time he was adjudicated guilty in 2006.[7]  The sufficiency of the evidence to support
reimbursement is not reviewable by mandamus.[8]  

Conclusion

We conclude that by simply entering the Order to Withdraw Inmate Funds, the trial court did not abuse its
discretion nor violate a duty imposed by law for which there is no other
adequate remedy by law.  Consequently,
Relator's petition for writ of mandamus is denied.

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 











[1]Sitting
by assignment in the 181st District Court of Randall County, Texas.  See
Tex. Gov=t Code Ann. '75.002(a)(3) (Vernon 2005).

 





[2]See Johnson v. Tenth Judicial District Court
of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that
orders directing withdrawal of funds from inmate trust accounts is not a
criminal matter).

 





[3]While
the court of appeals' opinion is silent on whether a hearing was held on
Harrell's motion to rescind, Harrell v.
State, 2007 Tex. App. LEXIS 6416 (Tex.App.--Amarillo,
Aug. 13, 2007), we read the Supreme Court's opinion as assuming that Harrell
was given "an opportunity to be heard just as happened here (via motion
made by the inmate)."  Harrell, 286 S.W.3d at 321.

 





[4]The
Bill of Costs was verified as being accurate as of September 23, 2009.  The Order
to Withdraw Inmate Funds was originally dated September 23, 2009; however,
that date was lined-out and the date of October 26, 2009, was inserted.  Although the Judgment Adjudicating Guilt does not reflect that a fine was
imposed, the Bill of Costs does reflect a fine of $1,000.00.  





[5]The
Texas Constitution's "due course" language and the United States
Constitution's "due process" language are regarded without meaningful
distinction.  University of Texas Medical School v. Than, 901 S.W.2d 926, 929
(Tex. 1995).

 





[6]Article
26.05(g) grants the trial court the authority to order reimbursement of
appointed attorney's fees if the court determines that a defendant has
financial resources that enable him to offset, in part or in whole, the costs
of legal services provided.





[7]Although
the trial court's decision to adjudicate guilt was not appealable in 2006, see Act of May 28, 2007, 80th Leg.,
R.S., ch. 1308, § 5(b) 2007 Tex. Gen. Laws 4395,
4397, Relator could have raised the issue of reimbursement of court-appointed
attorney's fees by direct appeal as it was unrelated to the decision to
adjudicate.

 





[8]We recognize the difficulty Relator would have had in challenging
court-appointed attorney's fees by direct appeal in 2006 when the judgment did
not reflect any costs, nor did it specify a fine or an amount of attorney's
fees.  We express no opinion as to
whether the failure to include a fine or a specific amount of court costs,
including attorney's fees, in the original judgment deprived Relator of his due process right to contest the propriety
of, or factual basis for, the trial court's subsequent withdrawal order.