Affirmed as Reformed and Memorandum Opinion filed December 16,
2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00033-CR



 

Mark Anthony Lopez Jr., Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 54th District
Court

McLennan County, Texas

Trial Court Cause No. 2009-809-C2



 

MEMORANDUM  OPINION

 

Appellant Mark Anthony Lopez Jr. pleaded guilty to
robbery.  See Tex. Pen. Code Ann. § 29.02 (Vernon 2003).  The trial
court sentenced appellant to imprisonment for ten years and ordered appellant
to pay costs and attorney’s fees.  See id. § 12.33 (Vernon 2003).  We
reform the trial court’s judgment to delete the order to pay costs and fees,
and affirm the judgment as reformed.




BACKGROUND

 Appellant was indicted for aggravated robbery and
released on bond.  Appellant entered into a negotiated plea agreement with the
State and pleaded guilty to the lesser included offense of robbery.  The State
recommended that appellant be sentenced to imprisonment for ten years, and
further recommended that the trial court suspend the sentence and place
appellant on community supervision.  On October 9, 2009, the trial court
accepted appellant’s plea agreement,[1]
stated that he found appellant guilty, and stated that he would sentence
appellant to imprisonment for ten years.  The trial court ordered a presentence
investigation to determine whether appellant should be placed on community
supervision.  

The trial court declined to place
appellant on community supervision at appellant’s December 3, 2009 sentencing
hearing for reasons discussed below.  The trial court re-assessed the same
punishment of imprisonment for ten years and ordered appellant to pay $1,190 in
court costs.  The clerk’s record contains a notation that appellant is also
required to pay $750 in appointed attorney’s fees.  The trial court granted
appellant permission to appeal.  Appellant’s appeal was transferred to this
court from the Tenth Court of Appeals.[2]




ANALYSIS

I.         Bond Request           

Appellant agreed “[s]eparate[ly] from
and in addition to the plea agreement concerning the length of [appellant’s]
sentence” to appear for all interviews and meetings with McLennan County
community supervision officials if the trial court granted his request to
remain free on bond during the presentence investigation.  Appellant agreed
that if he failed to appear, as promised, the trial court could impose a
sentence within the full range of punishment and refuse to allow appellant to
withdraw his entered plea of guilty.  The trial court granted appellant’s
request.  When appellant failed to cooperate with the presentence
investigation, the trial court rejected the State’s community service
recommendation and sentenced appellant to imprisonment for ten years.

A.        Enforceability

The State and appellant were entitled
to agree that if appellant failed to abide by the terms of the bond request,
appellant’s plea would become an open plea and the trial court could determine
the sentence based on the full punishment range.  See State v. Moore,
240 S.W.3d 248, 253–54 (Tex. Crim. App. 2007).  The trial court may enforce
such a remedy so long as the agreement was (1) knowingly and voluntarily made;
and (2) approved by the trial court.  Id.  

Because this case was transferred
from the Tenth Court of Appeals, we must follow precedent from that court if it
would be inconsistent with ours.  See Tex. R. App. P. 41.3.  The Tenth
Court of Appeals has considered a virtually identical “Request Concerning Bond
Pending Further Proceedings Disclosure of Further Negotiated Plea Agreement” on
appeal from McLennan County.  Delgado v. State, No. 10-07-00077-CR, 2008
WL 1759089, at *2–3 (Tex. App.—Waco Apr. 16, 2008, no pet.) (mem. op., not designated
for publication).  Like the bond request at issue in this case, the Delgado
bond request was made in conjunction with the State’s agreement to recommend
community supervision in exchange for the defendant’s guilty plea.  Id.
at *2.  The trial court ordered a presentence investigation, and defendant
Delgado requested that the trial court allow him to remain free on bond while
the investigation was conducted.  Id.  Delgado agreed that the trial
court could refuse to allow Delgado to withdraw his guilty plea if he failed to
cooperate with the presentence investigation while free on bond.  Id. at
*2–3.  The trial court stated at Delgado’s subsequent sentencing hearing: “I’ve
determined that I am not going to follow the State’s recommendation and give
[Delgado] deferred adjudication probation,” and sentenced Delgado to
imprisonment for ten years.  Id. at *3.  The State then presented
evidence that Delgado had failed to cooperate with the presentence
investigation, and the trial court refused to allow Delgado to withdraw his
guilty plea pursuant to the bond request.  Id.  

The Tenth Court of Appeals
distinguished Delgado from State v. Moore, 240 S.W.3d 248, in
that the Moore trial court “accepted the agreement and enforced one of
its provisions converting the agreed plea into an open plea; the trial court
below, instead, rejected [Delgado’s] plea bargain.”  Id. at *3.[3] 


Delgado has no precedential value because it
is an unpublished opinion.  See Tex. R. App. P. 47.7.  Even if it had
been published, it would not change the analysis here because it is factually
distinguishable.  Here, the trial court never stated that he rejected appellant’s
plea agreement.  The trial court stated: “Well, I’m following the plea bargain
agreement, and the plea bargain agreement included that agreement on bond.” 
Thus, Delgado is distinguishable, and we hold that the trial court
properly enforced the bond request remedy.  See State v. Moore.  240
S.W.3d at 253–54.

B.        Admonishments       

Appellant argues that his plea agreement
was involuntary because the trial court did not specifically admonish him regarding
the effect of his failure to appear when he requested to remain free on bond.[4]  

The trial court was required to
admonish appellant regarding the following before accepting his guilty plea:
(1) the range of punishment for the offense; (2) the State’s recommendation is
not binding on the court, and the defendant may withdraw his plea if the court
rejects the agreement; and (3) the trial court must give appellant permission
to appeal a punishment assessed that does not exceed the State’s
recommendation, except for matters raised by pre-trial motions.  See Tex.
Crim. Proc. Code Ann. art. 26.13(a)(1)–(3) (Vernon 2009).[5]  The trial court’s
substantial compliance relative to these admonitions is sufficient to satisfy
the statute, unless appellant shows that he was not aware of the consequences
of his plea and that he was misled or harmed by the admonition.  Id.
art. 26.13(c).  To substantially comply with the statute, the trial court need
not advise appellant of every aspect of his case relevant to his case or
sentencing, but only the direct consequences of entering a guilty plea.  Mitschke
v. State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004).  Direct consequences
of a plea are generally held to be those listed in the article 26.13(a)
admonishments.  Id.  

The trial court admonished appellant
according to the statute and further confirmed with appellant that he
understood the terms of his plea agreement with the State.  The record reveals that
appellant understood the provisions of the agreement, including the
consequences of his failure to cooperate with the presentence investigation:

 

The Court:  [I] have a document before me that’s titled
“Request Concerning Bond Pending Further Proceedings, Disclosure of Further
Negotiated Plea Agreement.”  Is that your signature at the bottom of that
document?

Appellant:  Yes, sir.

The Court:  Did you go over all these documents with your
lawyer before you signed them?

Appellant:  Yes, sir.

The Court:  Okay.  And so, you understand that the terms of
being allowed to remain on bond while we were conducting the [presentence
investigation] was that you timely appear at the probation department?

Appellant:  Yes, sir.

                        *                                  *                                  *

The Court:  Do you know of any reason why under law you should
not be sentenced at this time?

Appellant:  I didn’t have a way to call the probation
department.  I didn’t have a place to stay.  At the time that when they sent
that letter to that address, my mom had just let that house go and I don’t have
no family down here.  My grandmother probably didn’t answer the phone because
she has cancer and she’s doing radiation.  And —

The Court:  Well, you knew you needed to go there.  You were
told that after you entered your plea of guilty, didn’t you?

Appellant:  Yes, sir.  

Appellant has not shown, and the
record does not reveal that appellant was unaware of the consequences of his
plea or that he was misled or harmed by the admonition of the court.  See Tex.
Crim. Proc. Code Ann. art. 26.13(c).  The trial court sentenced appellant
pursuant to the otherwise enforceable plea agreement.  See Moore,
240 S.W.3d at 253–54.  Accordingly, we affirm the trial court’s judgment
sentencing appellant to imprisonment for ten years.




II.        Indigence

The trial court found appellant
indigent on May 20, 2009.  The trial court ordered appellant to pay $1,190 in
court costs and $750 for attorney’s fees.  Appellant argues that there is
insufficient evidence to support the trial court’s implicit determination that
appellant’s indigent status materially changed after the initial indigence
finding.  Appellant requests that we reform the judgment by deleting the order
to pay costs and fees.[6]  


Once a defendant is declared
indigent, he presumptively remains indigent for the entirety of the proceedings
unless a material change in the defendant’s financial circumstances occurs.  See
Tex. Code Crim. Proc. Ann. art 26.04(p) (Vernon 2009).  The State argues
that appellant’s testimony at the sentencing hearing constitutes evidence
rebutting the presumption of continued indigence and supporting the trial
court’s order: 

The Court:  And you — you’ve got legs that work, don’t you? 
You could walk [to the community supervision office], couldn’t you?

 

Appellant:  Yes, sir.

 

The Court:  You went to other places . . . that required you to
walk or get a ride or something like that, didn’t you?

 

Appellant:  Just to work . . . 

 

The Court:  Or did you stay in one place the entire time?

 

Appellant:  Just to work, sir.

 

The Court:  Just to work.  How did you get to work?

 

Appellant:  I had a ride for a little bit.  And then after
that, they had to let me go because I couldn’t find a ride anymore.[7]

 

 Appellant’s financial resources and
ability to pay are explicit, critical elements in the trial court’s
determination of the propriety of ordering reimbursement of costs and fees
under article 26.05(g).  See Tex. Crim. Proc. Code Ann. art. 26.05(g); Mayer
v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).  Without evidence to
demonstrate appellant’s financial resources, the trial court cannot order
reimbursement of an appointed attorney’s fees or other costs.  See Mayer v.
State, 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), aff’d, Mayer,
309 S.W.3d 552, 555–56.  Appellant’s testimony that he went to “work” for a
“little bit” does not demonstrate that appellant  had sufficient financial
resources to remit costs and attorney’s fees.  Accordingly, we reform the trial
court’s judgment by deleting the requirement that appellant pay any costs or
fees.[8]

CONCLUSION

We reform the trial court’s judgment by deleting the
portion ordering appellant to pay costs and fees, and we affirm the judgment as
reformed.

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

Panel consists of Justices Seymore, Boyce, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
The trial court was required to inform the defendant whether it would follow or
reject the plea agreement (1) before any finding on the plea; and (2) in order
for the plea agreement to become binding.  See Tex. Crim. Proc. Code
Ann. art. 26.13(a)(2) (Vernon 2009); Ortiz v. State, 933 S.W.2d 102, 104
(Tex. Crim. App. 1996).  The trial court explained the terms of the plea
agreement to appellant at a hearing on October 9, 2009 and confirmed that
appellant understood the agreement.  The trial court then stated: “[H]aving
received your plea of guilty, I do find you guilty . . . of the lesser included
offense of robbery.  I am going to assess your punishment at 10 years in the
penitentiary.  I’m not going to grant your plea for probation at this time.  I
am going to order a presentence investigation into your case.”  The trial court
also granted appellant’s request to remain free on bond, which was part of the
plea agreement.  At appellant’s December 3, 2009 sentencing hearing, the trial
court stated: “Well, I’m following the plea bargain agreement, and the plea
bargain agreement included that agreement on bond.”  Even without the trial
court’s express acceptance of the plea agreement at the October 9 hearing, the record
supports the conclusion that the trial court accepted the plea agreement at
that time.  See Ortiz, 933 S.W.2d at 140 n.3 (“[W]hether the trial judge
accepted the plea agreement when he ‘accepted’ the guilty plea is largely a
matter of factual interpretation of the record.  Such factual interpretation is
predominantly the domain of the Court of Appeals.”).





[2]
In cases transferred by the Supreme Court of Texas from one court of appeals to
another, the transferee court must decide the case in accordance with the
precedent of the transferor court under principles of stare decisis if the transferee
court’s decision otherwise would have been inconsistent with the precedent of
the transferor court.  See Tex. R. App. P. 41.3.





[3]
Although the Delgado opinion does not provide the full text of the bond
request, the quoted excerpts are identical to appellant’s bond request.  Delgado,
2008 WL 1759089, at *2–3.  The Delgado bond request also may have
included the same alternative remedy as the one in appellant’s bond request:
“Defendant agrees . . . that [his] failure to appear [at presentence
investigation appointments] authorizes the Trial Court to . . . impose a
sentence within the full range of punishment . . . .”  The Tenth Court of
Appeals did not consider whether this provision, if it was contained in
Delgado’s bond request, affected the trial court’s decision to reject the
State’s recommendation of community supervision.





[4]
This court has jurisdiction to review the voluntariness of appellant’s plea
agreement because the trial court granted appellant permission to appeal.  See
Tex. R. App. P. 25.2(a)(2)(B).





[5]
Admonishments under subsections (a)(4)–(5) do not apply here because they
pertain to non-citizens and sex-offender registration.  See Tex. Crim.
Proc. Code Ann. art. 26.13(a)(4)–(5).





[6]
Appellant may raise this issue on appeal despite the fact that he did not
complain to the trial court about the order to pay costs and fees.  Mayer v.
State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (“We conclude that
appellant’s complaint about the sufficiency of evidence of his financial
resources and ability to pay were . . . not waived by his failure to raise such
a complaint at trial.”).





[7]
This testimony pertained to the trial court’s determination that appellant
failed to cooperate with the presentence investigation, and was not elicited
pursuant to an inquiry into appellant’s indigent status under article
26.04(p).  See Tex. Crim. Proc. Code Ann. art. 26.04(p) (“If there is a
material change in financial circumstances after a determination of indigency
or nonindigency is made, the defendant, the defendant’s counsel, or the
attorney representing the state may move for reconsideration of the
determination.”).  





[8]
It is unnecessary to remand to the trial court for consideration of this
issue.  See Mayer, 309 S.W.3d at 557 (“When claims of insufficient
evidence are made, the cases are not usually remanded to permit supplementation
of the record to make up for alleged deficiencies in the record evidence. . .
.  [T]here is no indication that the State was precluded from presenting
evidence [to the trial court] and being heard on the issue of appellant’s
financial resources . . . .”).