NO. 07-07-0363-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 16, 2008

_____

KENNETH LEE MAYER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. 4134-0706; HON. ROBERT W. KINKAID, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

OPINION

Appellant, Kenneth Lee Mayer, appeals his conviction for the offense of aggravated kidnapping and sentence of 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice contending he was denied a lesser included offense charge within the court's charge to the jury on guilt-innocence. Appellant also contends that the

trial court erred in ordering him to reimburse the county for court-appointed attorney fees. We reform the judgment and affirm as modified.

Background

On April 12, 2007, Tammy Mayer was driving to Amarillo, Texas, when she saw her husband, appellant, driving in the opposite direction. Because of previous marital problems, Tammy and appellant were separated. Tammy observed appellant turn his vehicle and saw his vehicle quickly approaching. Tammy decided to stop at a convenience store because of her belief that appellant would not "do nothing to [her] in front of people." Appellant parked alongside Tammy's vehicle, got out of his car, and sat down inside Tammy's vehicle. Appellant attempted to reconcile with Tammy, but was unsuccessful. The two continued to argue and appellant refused to leave the vehicle. Appellant then reached over and grabbed Tammy's head and put his hand over her mouth and made the statement "till death do us part." Tammy was able to break free from appellant, left the vehicle, and ran into the convenience store. However, Tammy, believing that appellant was attempting to leave with her vehicle, went back outside to ask appellant to leave without her vehicle. Appellant proceeded to hit and kick Tammy before moving over into the passenger seat and pulling her into the car; he then forced Tammy to drive away from the store. A witness at the convenience store called police and reported the incident. As they got closer to Tulia, Texas, appellant directed Tammy to turn onto a small dirt road. According to Tammy, during the drive, appellant made statements such as "he was going to stick me in the trunk," "he was going to kill me," and that "he was going to stick [a] tire

-2-

iron that he had in his hand through my head." Eventually, the police stopped the vehicle and arrested appellant. Appellant was charged with aggravated kidnapping.

Appellant filed an affidavit of indigency and requested a court appointed attorney. The court granted the request and appointed an attorney to represent appellant at trial. At the conclusion of the guilt-innocence phase, appellant requested that the charge to the jury contain a charge on the lesser included offense of unlawful restraint. The trial court denied the request. After jury deliberations, the jury found appellant guilty of aggravated kidnapping and recommended punishment at 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Immediately after dismissing the jury, the court sentenced appellant to 30 years and ordered appellant to pay court costs as well as the court appointed attorney fees incurred in his defense.

Appellant now appeals the denial of the charge on the lesser included offense of unlawful restraint as well as the sufficiency of the court order for the reimbursement of the court appointed attorney fees.[1] We reform the judgment and affirm as modified.

### Denial of Lesser Included Offense Within Charge

When we review an allegation that the trial court erred in failing to give a requested lesser included offense charge, we must engage in a two part analysis. Hall v. State, 225

---

[1]Appellant also initially complained of the determination of the amount of court appointed attorney fees. However, in appellant's response to the State's appellate brief, appellant concedes the sufficiency of the evidence after becoming aware of the itemized expense claim submitted to the district court at the conclusion of the trial and filed in the appellate record after appellant's original brief.

S.W.3d 524, 535 (Tex.Crim.App. 2007). The first part of the analysis is a question of law where we compare the elements of the offense as alleged in the indictment with the elements of the potential lesser included offense. Id. The second step in the analysis requires that we review the evidence to ascertain if there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser included offense. Id. at 536 (citing Bignall v. State, 887 S.W.2d 21, 23 (Tex.Crim.App.1994)).

Under the Texas Penal Code and as alleged by the State, the State was required to prove that, with the intent to inflict bodily harm or terrorize Tammy, appellant intentionally and knowingly restrained Tammy with the intent to prevent her liberation by secreting or holding her in a place where she was not likely to be found. See TEX. PENAL CODE ANN. §§ 20.01(2), 20.04(a)(4), (5) (Vernon Supp. 2008).[2] Appellant contends that the State did not present more than a scintilla of evidence to show that appellant intended to secrete or hold Tammy in a place she was not likely to be found. Rather, appellant contends that the evidence demonstrated, with more than a scintilla of evidence, that appellant's intent was to flee the scene of the assault at the convenience store. Therefore, appellant contends that, at most, appellant was guilty of the offense of unlawful restraint. See § 20.02.

Under the first prong of the required analysis, the difference between unlawful restraint and aggravated kidnapping, as alleged, is the intent to prevent Tammy's liberation

---

[2]Further references to the Texas Penal Code will be by reference to "§ ___."

by secreting or holding her in a place where she was not likely to be found.[3] A person commits unlawful restraint "if he intentionally or knowingly restrains another." See § 20.02. A person commits aggravated kidnapping if he intentionally or knowingly abducts another with the intent to commit bodily injury. See § 20.04(a)(4). "Abduct" is defined as restraining a person with intent to prevent her liberation by secreting or holding her in a place where she is not likely to be found. § 20.01(2). Therefore, we conclude that unlawful restraint is a lesser included offense of aggravated kidnapping. See Jenkins v. State, 248 S.W.3d 291, 298-99 (Tex.App.–Houston [1st Dist.] 2007, pet. ref'd).

However, appellant has narrowed his complaint by contending that the evidence established that his intent was not to hold Tammy in a place where she is not likely to be found, but rather, that his intent was to flee from the convenience store to avoid capture for his assault on Tammy. In order for appellant to be entitled to a lesser included offense charge, there must be some evidence that would permit a rational jury to find that, if appellant is guilty, he is guilty only of unlawful restraint. Hall, 225 S.W.3d at 536. As presented by appellant, there must be some evidence that would negate the element raising the lesser included offense to the greater charged offense. Jenkins, 248 S.W.3d at 298. However, even if appellant is correct that some of the evidence demonstrated appellant's intent to flee, this does not negate his intent to abduct. Even by appellant's own argument that he sought to flee from the store to avoid capture, he was doing so by

---

[3]Aggravated kidnapping may also have an additional intent requirement as part of the aggravating factor. § 20.04(a). However, appellant has not contested the sufficiency of the evidence of the aggravating factor in this case, the intent to inflict bodily injury or to terrorize Tammy.

-5-

attempting to reach a location where he could not be found. However, in his attempt to avoid capture, all the evidence at trial showed that appellant forced Tammy to go with him. Therefore, by seeking a location where he could not be found and by forcing Tammy to go with him, he was taking Tammy to a location where it was likely that she would not be found. Therefore, we conclude that, even were we to believe appellant's contention that appellant was intending to flee, there is no evidence that negates the element of abduction, which is the element raising the lesser included offense of unlawful restraint to the greater charged offense of aggravated kidnapping. Jenkins, 248 S.W.3d at 299. We overrule appellant's first issue.

### Determination of ability to pay court appointed fees

Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of appointed attorney fees if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided. See TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2007). However, the record before us does not contain any such determination or finding by the trial court that appellant had any financial resources or was "able to pay" the appointed attorney fees.

The record does reflect that appellant filed, preindictment, an affidavit of financial status showing that he was unemployed and supporting himself on governmental benefits and that the trial court appointed trial counsel to assist appellant during the trial for the offense. Appellant filed a *pro se* notice of appeal on October 3 and an affidavit of financial

status on October 12. On October 17, 2007, District Judge Ed Self, the appointing authority for the district courts of Swisher County, appointed appellate counsel to assist appellant in the presentment of his appeal. Therefore, there is an absence of evidence to demonstrate that, at the conclusion of the trial, appellant was "able to pay" or had financial resources that would enable appellant to offset, in part or in whole, the costs of the legal services provided to him. Rather, the evidence demonstrates that, before trial and within two months of the conclusion of the trial, appellant was indigent and qualified for court appointed counsel. Furthermore, after the completion of the cause, on August 22, 2007, appellant was remanded to the Swisher County Sheriff's Office to await the time until appellant could be transported to the Texas Department of Criminal Justice, Institutional Division, to serve his sentence and presumably had no sources of income. Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees. See art. 26.05(g); Slaughter v. State, Nos. 2-04-050-CR, 2-04-051-CR, 2005 WL 183142, at *3-*5 (Tex.App.–Fort Worth Jan. 27, 2005, no pet.) (not designated for publication). Accordingly, we modify the judgment to delete the following paragraph:

Furthermore, the following special findings or orders apply:

Defendant is ordered to repay attorney fees in the amount of $2,850.00 to Swisher County, Texas.

## Conclusion

Having overruled appellant's first issue but having sustained appellant's second issue regarding repayment of appointed attorney fees, we modify the trial court's judgment, as identified above, and affirm the judgment as modified.


Mackey K. Hancock
Justice

Publish.