NO. 07-10-0303-CR

NO. 07-10-0304-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

AUGUST 30, 2010

 

______________________________

 

 

DAYMON LAMAR JOHNS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 56,483-E & 58,725-E; HONORABLE DOUGLAS R.
WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            In exchange for a guilty plea, in
2007, Appellant, Daymon Lamar Johns, was convicted in
cause number 56,483-E of evading arrest with a vehicle and sentenced to two
years confinement and a $1,000 fine.[1]  Appellant's sentence was suspended in favor
of five years community supervision.  In
2009, in exchange for a guilty plea, in cause number 58,725-E, Appellant was
granted deferred adjudication community supervision for five years for
possession of a controlled substance in a drug-free zone.[2]  On March 19, 2010, the State filed an Amended
Motion to Revoke Order for Community Supervision in cause number 56,483-E and
an Amended Motion to Proceed with Adjudication of Guilt on Original Charge in
cause number 58,725-E alleging violations of the terms and conditions of
community supervision.  Appellant entered
pleas of true in both causes and the trial court revoked community supervision
and sentenced Appellant to two years in a state jail facility plus a $1,000
fine in cause number 56,483-E.  The trial
court also adjudicated Appellant guilty of possession of a controlled substance
in a drug-free zone and sentenced him to nine years confinement and a $1,000
fine in cause number 58,725-E.  The trial
court ordered the sentence in cause number 56,483-E to run consecutively to the
sentence in cause number 58,725-E. 

When the clerks' records were filed on August 17, 2010, it
came to the Court=s attention that the record in cause
number 58,725-E did not contain a Trial Court=s Certification of Defendant=s Right of Appeal as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure and
that the record in cause number 56,483-E contained two separate certifications,
neither of which is signed by Appellant as required by Rule 25.2(d).[3]

Consequently, we abate this appeal and remand this cause to
the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court=s Certification of Defendant=s Right of Appeal in compliance with Rule 25.2(d) in each
cause referenced herein.  Once properly
completed and executed, the certifications shall be included in supplemental
clerks' records.  See Tex. R. App.
P. 34.5(c)(2). 
The trial court shall cause the supplemental clerks' records to be filed
with the Clerk of this Court by September 29, 2010.  This order constitutes notice to all parties,
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certifications.  If
supplemental clerks' records containing proper certifications are not filed in
accordance with this order, these causes will be referred to the Court for
dismissal.  See Tex. R. App. P.
25.2(d). 

It is so ordered.

Per
Curiam

Do not publish.

 

 

 

                                                                                    

 











[1]Tex.
Penal Code Ann. § 38.04(b)(1)(B) (Vernon Supp. 2009).





[2]Tex. Health & Safety Code Ann. § 481.134 (Vernon 2010).

 





[3]As of September 1, 2007, a defendant must sign and
receive a copy of the certification. 








ttom:0in;
margin-left:.5in;margin-bottom:.0001pt;text-align:justify;mso-pagination:none'>            Counsel for the defense had adequate
notice.  Both cause numbers were
listed.  Even though one was highlighted,
both cause numbers were listed on the State’s Notice of Intent to Use the Prior
Conviction.  And the State’s position is
it’s more than adequate to give that notice regardless of whether the clerk’s
office managed to get it in to the file or not, but that it was done, and both
cause numbers are on it.

 

THE COURT:  Are you
claiming surprise, Mr. Stangl?

MR. STANGL:  I’m
claiming lack of required notice, Judge.

THE COURT:  Are you
refusing to answer my question, Mr. Stangl?

MR.
STANGL:  No, Your Honor, I’m not claiming
surprise.  I am - - however, I am
claiming lack of adequate notice.

 

The
trial court then observed that:

[t]he
original in the Court’s file in Cause No. 2008-419,678 is, in fact, highlighted
in yellow, but it does bear both cause numbers. 
There appears to have been some clerical issue with getting the document
with the Cause No. 2008-419,679 into the file in 2008-419,679.  But clearly, Mr. Stangl,
you’ve had notice technically or otherwise in Cause          No. 2008-419,678 that the State intended to enhance the
range of punishment in that case, correct?

 

In
response to the trial court’s inquiry, the following transpired:

 

MR.
STANGL:  Judge, I mean I will acknowledge
that the file marked copy that I pulled off the computer bears both cause
numbers.  I will acknowledge that.

 

THE COURT:  Okay.

MR.
STANGL:  My objection is merely that the
required notice in the other

case was not filed of record as
required.  I don’t know if it was a
clerical error or if it was ever given to the District Clerk.  I have no idea.

 

      THE COURT: 
Okay.

MR.
STANGL:  So therein lies
my objection I wasn’t given proper notice.  I’m not going to say that - - 

 

THE COURT:  I
understand.  I understand.  The objection is overruled.

From the foregoing we observe that
appellant knew of the State’s intent to enhance punishment in both causes long
before trial began.  And, even if the
notice in cause number 2008-419,679 was considered not to have been filed prior
to trial, appellant nonetheless received notice before the punishment phase
began.  At no time did he allege surprise
or that he had a defense to the use of the prior conviction.  Nor did he request a continuance.  Therefore, the trial court did not err in
overruling his objection at trial. 

Issues Two and Three –
Attorney’s Fees

 

            In his second and third issues,
appellant contends the evidence is insufficient to support an award of
attorney’s fees and the amount of attorney’s fees in cause number
2008-419,678.  The State concedes this to
be error and agrees the award of attorney’s fees should be vacated.  We agree, sustain the issues and remove
reference to the award of attorney’s fees from the judgment in trial court
cause number 2008-419,678.  See Mayer v. State,
274 S.W.3d 898, 902 (Tex. App.–Amarillo
2008), aff’d,
309 S.W.3d 552 (Tex. Crim. App. 2010) (modified the judgment to delete like
order).

            Accordingly, the trial court’s
judgment in cause number 2008-419,679 is affirmed and the judgment in cause
number 2008-419,678 is affirmed as modified.

 

                                                                        Per Curiam

Do not publish.