NO. 07-09-0205-CR
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 SEPTEMBER 1, 2010
 ______________________________

 TIMOTHY D. HANEY 

 Appellant
 v.

 THE STATE OF TEXAS 

 Appellee
 _______________________________

 FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2007-418,606; HON. JIM BOB DARNELL, PRESIDING
 _______________________________
 
 Memorandum Opinion
 _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Timothy D. Haney (appellant) was convicted after a jury trial of aggravated assault against a member of his household, and punishment was assessed by the jury at life in prison. Appellant's appointed counsel has now filed a motion to withdraw, together with an Anders1 brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response pro se. By letter dated August 4, 2010, this court also notified appellant of his right to tender his own response and set August 25, 2010, as the deadline to do so. To date, no response has been filed. 
 In compliance with the principles enunciated in Anders, appellate counsel discussed two potential areas for appeal. They include 1) hearsay evidence from appellant's probation officer and 2) testimony regarding appellant's self-inflicted wounds from a fact witness. However, counsel then proceeded to explain why none of the issues required reversal on appeal.
 In addition, we have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions. 
 We note the trial court's judgment contains a special order that appellant repay attorney's fees in the amount of $772.50 to Lubbock County. The record contains no determination by the court of appellant's ability to pay such fees. Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009). Accordingly, we modify the trial court's judgment by deleting the language ordering appellant to repay attorney's fees in the amount of $772.50. See Mayer v. State, 274 S.W.3d 898, 902 (Tex. App. - Amarillo 2008), aff'd, 309 S.W.3d 552 (Tex. Crim. App. 2010) (modified the judgment to delete like order). 
 Accordingly, the motion to withdraw is granted, and the judgment is affirmed as modified. 

 Brian Quinn 
 Chief Justice

Do not publish.