

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00420-CR

**CHRISTOPHER D. WILLIS,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2006-1594-C2**

## MEMORANDUM  OPINION

Pursuant to a plea bargain, Christopher Willis was placed on deferred adjudication community supervision for aggravated sexual assault of a child. About two years later, the State filed a motion to adjudicate. Willis pleaded true to the allegations, and the court adjudicated his guilt and sentenced him to twenty-five years' imprisonment. Willis contends in his sole issue that the court erred by assessing his court-appointed attorney's fees as part of the costs after finding him indigent less than a month earlier. We will modify the judgment and affirm the judgment as modified.

Article 26.05(g) of the Code of Criminal Procedure provides:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2010).

If the State fails to present evidence that the defendant is able to pay all or part of his court-appointed attorney's fees, then the trial court commits error by assessing any part of those fees as costs of court. *See Mayer v. State*, 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010).[1]  Here, no such evidence was presented.

The State concedes that the court erred by assessing the court-appointed attorney's fees as costs.  We sustain Willis's sole issue.

We modify the judgment by reducing the amount of costs assessed against Willis from $1,735 to $885.  We affirm the judgment as modified.


                                                  FELIPE REYNA
                                                  Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
Affirmed as modified
Opinion delivered and filed October 13, 2010
Do not publish
[CRPM]

---

[1] Regarding the State's burden of proof in this regard, the Court of Criminal Appeals noted in *Mayer*, "there is no indication that the state was precluded from presenting evidence and being heard on the issue of appellant's financial resources and ability to pay for reimbursement of the court-appointed-attorney fees." *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).