NO. 07-10-0124-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                            OCTOBER 13, 2010

                                            ______________________________

 

                                                          JOSE
ANGEL REYES,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

Appellee

                                           _______________________________

 

                           FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17839-0811; HON. ROBERT W.
KINCAID, JR., PRESIDING

_______________________________

 

Opinion  

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Appellant
Jose Angel Reyes (appellant) appeals the trial court’s judgment requiring him
to pay attorney’s fees and a withholding order directing that those fees be
deducted from his inmate trust account. 
We modify both documents and affirm them as modified.

Background

            Appellant
was placed on deferred adjudication per his guilty plea to the crime of aggravated
assault with a deadly weapon.  As a
condition of probation, he was ordered to pay attorney’s fees of $750.  Subsequently, the State moved to adjudicate
his guilt and revoke his probation because, among other things, he failed to
pay the aforementioned fees.  The motion was
granted, and the trial court sentenced appellant to ten years in prison.  It also ordered him to pay an attorney’s fee
of $1,050, restitution in the amount of $30,043.01, a $1,000 fine and $285 in
court costs.  Another order, entitled
“TDCJ Inmate Trust Fund Withdrawal Order,” was signed by the trial court
directing the payment of $32,378.91 from appellant’s inmate trust account.  Thereafter, appellant perfected a timely
appeal.   

Issue One – Attorney’s Fees

            Specifically,
appellant contends that the trial court erred by ordering him to pay $1,050 in
attorney’s fees because the record contained insufficient evidence to show that
he “had any financial resources” from which to pay them.  We agree in part.

            As
disclosed by the record, appellant was determined to be indigent and,
therefore, received appointed counsel for both the original plea and adjudication
hearings.  Furthermore, nothing of record
illustrated that his economic status had changed between the time he was first
found impoverished and ultimately adjudicated guilty and sentenced to
prison.  Thus, the statutory elements
prerequisite to his being held obligated to pay $1,050 in fees have not been
established.  See Tex. Code
Crim. Proc. Ann. art.
26.05(g) (Vernon  Supp.
2010) (specifying when a trial court
may order one who received appointed counsel to pay attorney’s fees).   

            Nonetheless,
the State contends that appellant implicitly agreed to pay $750 of the $1,050 fee
when he pled guilty per the parties’ bargain, received probation, and became
subject to the conditions of probation levied by the court.   Therefore, the argument goes, he cannot be
relieved of paying the $750 sum.  We find
the contention accurate.  

            This
court previously held, in Mayer v. State,
274 S.W.3d 898 (Tex. App.–Amarillo
2008), aff’d,
309 S.W.3d 552 (Tex. Crim. App. 2010), that a trial court generally erred by
ordering a defendant to pay a fee for a court-appointed attorney when the
record contained no evidence illustrating that he had sufficient financial
resources to pay it.  Id. at 901-02.  Yet, we were not dealing with fees arising
from a plea bargain and levied as a condition of probation there.  In the latter circumstance, the result may
not be the same.  This
is so because an award of community supervision (or probation) is not a right,
but a contractual privilege.  Speth v. State, 6 S.W.3d 530, 534 (Tex.
Crim. App. 1999).  Additionally,
the conditions appended to the grant of community supervision
are terms of the contract entered into between the trial court and the
defendant.  Id.  More importantly, those
to which no one objects are considered to be affirmatively accepted as part of
the contract, which means, in turn, that the accused normally waives any
complaint with regard to them.  Id. 
In other words, one benefitting from the contractual privilege of
probation must complain at trial about any conditions he deems objectionable,
and unless he does that, belated objections are waived.  Id.    

            Given
Speth, we agree with the
State that appellant should have complained to the trial court about the
condition of his probation obligating him to pay $750 in attorney’s fees at the
time the condition was imposed.  Because
he did not, he not only affirmatively accepted it but also waived any objection
to it.   The same is not true of the
additional $300 assessed once appellant was adjudicated guilty; the imposition
of that sum is controlled by the holding in Mayer.  And, because the record does not reflect that
appellant had the financial means to pay it, the trial court erred by imposing
it.  Accordingly, we modify the trial
court’s judgment by reducing the amount of attorney’s fees payable by appellant
from $1,050 to $750.  

Issue
Two – Withholding Order

            Through his second issue, appellant
contends that the trial court erred by entering its withholding order allowing
for money to be withdrawn from his inmate trust account.  This purportedly was error because he failed
to receive notice of the order (i.e.
was denied due process) and because insufficient evidence supported the award
of $1,050 in attorney’s fees.  

            As for the amount of attorney’s fees
levied, our disposition of the foregoing issue obligates us to also modify the
withholding order.  The sum subject to
collection will be reduced from $1,050 to $750 for the reasons explained above.

            As for the argument about notice and
due process, we note that the assessment of the fees arose as part of the
adjudication of appellant’s guilt in this criminal cause.  He had been found to be an indigent entitled
to appointed counsel.  Moreover, the
attorney’s fee alluded to in the withholding order (as modified) was the sum
that appellant agreed to pay.  These
circumstances comport with those in Harrell
v. State, 286 S.W.3d 315 (Tex. 2009), an opinion we deem controlling.  Because Harrell had been determined to be an
indigent and the taxing of costs occurred as part of the two criminal cases
against him, “he ha[d] already received all that due
process demands” with regard to their taxation, according to the Supreme Court.   Id. at 320.  However,
the risk that the amounts contained in the withholding order may differ from
those actually taxed caused the Court to state that Harrell also was entitled
to notice of the withholding order’s issuance and opportunity to test it.  Id. at 321.  That
concern proved accurate here, given our conclusion that the amount of fees
mentioned in the withholding order was excessive.  Yet, our so concluding also evinces that
appellant received the due process required by Harrell.  Before altering the
order, we were informed of the error. 
Moreover, that information was imparted to us by appellant; so, he
obviously had notice of the decree and opportunity to question its accuracy.  

            As the Supreme Court recognized in Harrell, “[t]he constitutional
sufficiency of procedures provided in any situation, of course, varies with the
circumstances.”  Id. at 319.  In other words, it is not a “one size fits
all” proposition.  The circumstances
involved can influence the particular procedures deemed sufficient, and though
the sequence of events at bar do not fit within the typical mode of due process,
they nonetheless evince the presence of due process.  Appellant had his notice of the withholding
order and opportunity to be heard about its accuracy.  Since that was enough in Harrell, it is enough here.

            We modify both the final judgment
and withholding order by reducing the amount of attorney’s fees payable from $1,050
to $750 and affirm them as modified.[1]

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

 

Publish.

 

            











[1]Counsel had previously filed a motion
to withdraw which we now deny as moot.