NO.
 07-10-0226-CR

NO. 07-10-0227-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                              MARCH
30, 2011

 

                                            ______________________________

 

 

                                                            ISAAC JONES, JR.,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                           _______________________________

 

                     FROM THE 364TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

 NOS. 2008-419,678 & 2008-419,679; HON.
BRADLEY S. UNDERWOOD, PRESIDING

                                            ______________________________

 

Memorandum
Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Appellant Isaac Jones, Jr. appeals
his conviction for four counts of aggravated sexual assault of a child.  Through three issues, he contends the State
provided improper notice of its intent to use a prior conviction for
enhancement purposes, and the evidence is insufficient to support an award of
attorney’s fees.  We modify the judgment in
trial court cause number 2008-419,678 and affirm as modified, and affirm the
judgment in trial court cause number 2008-419,679. 

Issue
One – Notice of Enhancement

            In his first issue, appellant
contends that proper notice of enhancement of his punishment was not provided
in cause number 2008-419,679, even though notice was filed in cause number
2008-419,678 and contained both cause numbers. 
Therefore, according to appellant, he is entitled to a new punishment
hearing in cause number 2008-419,679.  We
overrule the issue.

If the State intends to enhance a defendant's punishment
through prior convictions, it must give the defendant reasonable notice of that
intent by some kind of pleading.  Brooks v. State,
957 S.W.2d 30, 33 (Tex. Crim. App.1997); Cochran
v. State, 107 S.W.3d 96, 98 (Tex. App.–Texarkana 2003, no pet.).  Yet, there is no statutory requirement that
the notice of enhancement be given at any specific time before trial.  Furthermore, the Court of Criminal Appeals in
Villescas v. State,
189 S.W.3d 290 (Tex. Crim. App. 2006) stated that “due process does not even
require that the notice be given before the guilt phase begins, much less that
it be given a number [of] days before trial.” 
Id.
at 294.  It then held that if
“a defendant has no defense to the enhancement allegation and has not suggested
the need for a continuance in order to prepare one,
notice given at the beginning of the punishment phase satisfies the federal
constitution.”  Id. at 294; see Callison v. State,
218 S.W.3d 822, 823-25 (Tex. App.–Beaumont
2007, no pet.).

In the case before us and prior to the commencement of the
punishment hearing, the following exchange occurred:

MR.
STANGL [defense counsel]:  Judge, the
State, previous to my appointment on the case, had filed a Notice of Intent to
Use a Prior Conviction to Enhance the Classification and/or Range of Punishment
in the Indicted Offense.  And it appears
that that was filed of record in 2008-419,678. 
I believe the Court had indicated the other day that you had gone
through the - - one of the files and couldn’t find one, and I think you found
it in the other one.

 

            You know, basically, Judge, I know
that the copies that I pulled off  the
Internet has both numbers written up top, but apparently was filed of record in
the highlighted case, which was 2008-419,678, and does not appear to have been
filed of record in 2008-419,679.  

 

            So, therefore, Your Honor, we would
just submit to the Court that this prior - - this allegation of a prior
conviction would not be available for enhancement pursuant to 2008 - - or in
the case number 2008-419,679, because proper notice was never filed.

 

*    *    *

MS.
CROWLEY [State’s attorney]: Your Honor, this is a notice provision, as the
Court can see from the notice that was filed. 
The District Clerk’s office requires us to highlight the appropriate
cause number.  And so what appears to be
blacked out is the highlighted mark on one of the cause numbers.  Both would have been filed.  Why the other one is not in the other file is
something we need to take up with the district clerk.

 

            Both - - I mean it’s obviously both
cause numbers are on the motion.  The
highlighted one got into the right file. 
The other highlighted one would have gotten into the other file, but
they’re filed.  You know, we do it the
way the District Clerk’s office wants us to.

 

            Counsel for the defense had adequate
notice.  Both cause numbers were
listed.  Even though one was highlighted,
both cause numbers were listed on the State’s Notice of Intent to Use the Prior
Conviction.  And the State’s position is
it’s more than adequate to give that notice regardless of whether the clerk’s
office managed to get it in to the file or not, but that it was done, and both
cause numbers are on it.

 

THE COURT:  Are you
claiming surprise, Mr. Stangl?

MR. STANGL:  I’m
claiming lack of required notice, Judge.

THE COURT:  Are you
refusing to answer my question, Mr. Stangl?

MR.
STANGL:  No, Your Honor, I’m not claiming
surprise.  I am - - however, I am
claiming lack of adequate notice.

 

The
trial court then observed that:

[t]he
original in the Court’s file in Cause No. 2008-419,678 is, in fact, highlighted
in yellow, but it does bear both cause numbers. 
There appears to have been some clerical issue with getting the document
with the Cause No. 2008-419,679 into the file in 2008-419,679.  But clearly, Mr. Stangl,
you’ve had notice technically or otherwise in Cause          No. 2008-419,678 that the State intended to enhance the
range of punishment in that case, correct?

 

In
response to the trial court’s inquiry, the following transpired:

 

MR.
STANGL:  Judge, I mean I will acknowledge
that the file marked copy that I pulled off the computer bears both cause
numbers.  I will acknowledge that.

 

THE COURT:  Okay.

MR.
STANGL:  My objection is merely that the
required notice in the other

case was not filed of record as
required.  I don’t know if it was a
clerical error or if it was ever given to the District Clerk.  I have no idea.

 

      THE COURT: 
Okay.

MR.
STANGL:  So therein lies
my objection I wasn’t given proper notice.  I’m not going to say that - - 

 

THE COURT:  I
understand.  I understand.  The objection is overruled.

From the foregoing we observe that
appellant knew of the State’s intent to enhance punishment in both causes long
before trial began.  And, even if the
notice in cause number 2008-419,679 was considered not to have been filed prior
to trial, appellant nonetheless received notice before the punishment phase
began.  At no time did he allege surprise
or that he had a defense to the use of the prior conviction.  Nor did he request a continuance.  Therefore, the trial court did not err in
overruling his objection at trial. 

Issues Two and Three –
Attorney’s Fees

 

            In his second and third issues,
appellant contends the evidence is insufficient to support an award of
attorney’s fees and the amount of attorney’s fees in cause number
2008-419,678.  The State concedes this to
be error and agrees the award of attorney’s fees should be vacated.  We agree, sustain the issues and remove
reference to the award of attorney’s fees from the judgment in trial court
cause number 2008-419,678.  See Mayer v. State,
274 S.W.3d 898, 902 (Tex. App.–Amarillo
2008), aff’d,
309 S.W.3d 552 (Tex. Crim. App. 2010) (modified the judgment to delete like
order).

            Accordingly, the trial court’s
judgment in cause number 2008-419,679 is affirmed and the judgment in cause
number 2008-419,678 is affirmed as modified.

 

                                                                        Per Curiam

Do not publish.