NO.  07-10-0226-CR
NO. 07-10-0227-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 30, 2011

_____


ISAAC JONES, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2008-419,678 & 2008-419,679; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Isaac Jones, Jr. appeals his conviction for four counts of aggravated sexual assault of a child.  Through three issues, he contends the State provided improper notice of its intent to use a prior conviction for enhancement purposes, and the evidence is insufficient to support an award of attorney's fees.  We modify the judgment

in trial court cause number 2008-419,678 and affirm as modified, and affirm the judgment in trial court cause number 2008-419,679.

### Issue One – Notice of Enhancement

In his first issue, appellant contends that proper notice of enhancement of his punishment was not provided in cause number 2008-419,679, even though notice was filed in cause number 2008-419,678 and contained both cause numbers. Therefore, according to appellant, he is entitled to a new punishment hearing in cause number 2008-419,679. We overrule the issue.

If the State intends to enhance a defendant's punishment through prior convictions, it must give the defendant reasonable notice of that intent by some kind of pleading. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App.1997); *Cochran v. State*, 107 S.W.3d 96, 98 (Tex. App.–Texarkana 2003, no pet.). Yet, there is no statutory requirement that the notice of enhancement be given at any specific time before trial. Furthermore, the Court of Criminal Appeals in *Villescas v. State*, 189 S.W.3d 290 (Tex. Crim. App. 2006) stated that "due process does not even require that the notice be given before the guilt phase begins, much less that it be given a number [of] days before trial." *Id.* at 294. It then held that if "a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution." *Id.* at 294; see *Callison v. State*, 218 S.W.3d 822, 823-25 (Tex. App.– Beaumont 2007, no pet.).

In the case before us and prior to the commencement of the punishment hearing, the following exchange occurred:

MR. STANGL [defense counsel]: Judge, the State, previous to my appointment on the case, had filed a Notice of Intent to Use a Prior Conviction to Enhance the Classification and/or Range of Punishment in the Indicted Offense. And it appears that that was filed of record in 2008-419,678. I believe the Court had indicated the other day that you had gone through the - - one of the files and couldn't find one, and I think you found it in the other one.

You know, basically, Judge, I know that the copies that I pulled off the Internet has both numbers written up top, but apparently was filed of record in the highlighted case, which was 2008-419,678, and does not appear to have been filed of record in 2008-419,679.

So, therefore, Your Honor, we would just submit to the Court that this prior - - this allegation of a prior conviction would not be available for enhancement pursuant to 2008 - - or in the case number 2008-419,679, because proper notice was never filed.

\* \* \*

MS. CROWLEY [State's attorney]: Your Honor, this is a notice provision, as the Court can see from the notice that was filed. The District Clerk's office requires us to highlight the appropriate cause number. And so what appears to be blacked out is the highlighted mark on one of the cause numbers. Both would have been filed. Why the other one is not in the other file is something we need to take up with the district clerk.

Both - - I mean it's obviously both cause numbers are on the motion. The highlighted one got into the right file. The other highlighted one would have gotten into the other file, but they're filed. You know, we do it the way the District Clerk's office wants us to.

Counsel for the defense had adequate notice. Both cause numbers were listed. Even though one was highlighted, both cause numbers were listed on the State's Notice of Intent to Use the Prior Conviction. And the State's position is it's more than adequate to give that notice regardless of whether the clerk's office managed to get it in to the file or not, but that it was done, and both cause numbers are on it.

THE COURT: Are you claiming surprise, Mr. Stangl?

MR. STANGL: I'm claiming lack of required notice, Judge.

THE COURT: Are you refusing to answer my question, Mr. Stangl?

3

MR. STANGL: No, Your Honor, I'm not claiming surprise. I am - - however, I am claiming lack of adequate notice.

The trial court then observed that:

[t]he original in the Court's file in Cause No. 2008-419,678 is, in fact, highlighted in yellow, but it does bear both cause numbers. There appears to have been some clerical issue with getting the document with the Cause No. 2008-419,679 into the file in 2008-419,679. But clearly, Mr. Stangl, you've had notice technically or otherwise in Cause No. 2008-419,678 that the State intended to enhance the range of punishment in that case, correct?

In response to the trial court's inquiry, the following transpired:

MR. STANGL: Judge, I mean I will acknowledge that the file marked copy that I pulled off the computer bears both cause numbers. I will acknowledge that.

THE COURT: Okay.

MR. STANGL: My objection is merely that the required notice in the other case was not filed of record as required. I don't know if it was a clerical error or if it was ever given to the District Clerk. I have no idea.

THE COURT: Okay.

MR. STANGL: So therein lies my objection I wasn't given proper notice. I'm not going to say that - -

THE COURT: I understand. I understand. The objection is overruled.

From the foregoing we observe that appellant knew of the State's intent to enhance punishment in both causes long before trial began. And, even if the notice in cause number 2008-419,679 was considered not to have been filed prior to trial, appellant nonetheless received notice before the punishment phase began. At no time did he allege surprise or that he had a defense to the use of the prior conviction. Nor did he request a continuance. Therefore, the trial court did not err in overruling his objection at trial.

4

***Issues Two and Three – Attorney's Fees***

In his second and third issues, appellant contends the evidence is insufficient to support an award of attorney's fees and the amount of attorney's fees in cause number 2008-419,678.  The State concedes this to be error and agrees the award of attorney's fees should be vacated.  We agree, sustain the issues and remove reference to the award of attorney's fees from the judgment in trial court cause number 2008-419,678. *See Mayer v. State*, 274 S.W.3d 898, 902 (Tex. App.–Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010) (modified the judgment to delete like order).

Accordingly, the trial court's judgment in cause number 2008-419,679 is affirmed and the judgment in cause number 2008-419,678 is affirmed as modified.

Per Curiam

Do not publish.