NO. 07-10-00366-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MARCH
30, 2011

 



 

DAVID ANASTACIO MARQUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

 

NO. A17778-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant David Anastacio Marquez
appeals from the revocation of his community supervision, challenging the
portion of the judgment requiring that he pay court-appointed attorney’s fees
in the amount of $637.50. We will modify the judgment and affirm it as
modified.

 

 

 

 

Background

            Appellant was indicted for first
degree felony arson.[1]  He filed a financial affidavit for
appointment of counsel and counsel was appointed on a finding of
indigence.  Appellant plead guilty under
a plea bargain agreement in February 2009. As part of that plea, appellant
agreed to ten years of imprisonment probated, a $1000 fine, $5000 in
restitution, $285.00 in court costs, and $337.50 attorney’s fees. The court
placed appellant under community supervision with certain terms and conditions,
including a provision stating appellant would pay $337.50 in attorney’s
fees.  No appeal was taken from this
proceeding. 

The State
later filed a motion to revoke appellant’s community supervision, in part due
to appellant’s failure to make payments toward the attorney’s fees owed.
Appellant was again provided court-appointed counsel based on a financial
affidavit he filed.  In August 2010, the
court revoked appellant’s community supervision and assessed punishment at ten
years of imprisonment, a $1000 fine, court costs in the amount of $285, $5000
in restitution and $637.50 in attorney’s fees. 
The judgment contains a special finding that appellant is financially
able to pay appointed attorney’s fees. 
This appeal followed.

 

 

Analysis

            Through a single issue, appellant
argues the “trial court erred in ordering the defendant to pay court appointed
attorney’s fees in the amount of $637.50 in the trial court’s judgment revoking
community supervision, as the judgment was not supported by the evidence.”

Comparison of
the records of appellant’s original plea proceeding in February 2009 and his
revocation hearing in August 2010 shows that the $637.50 in attorney’s fees
ordered in the August 2010 judgment consists of the $337.50 contained in his
plea agreement and $300 in attorney’s fees incurred in the revocation
proceeding.  No
one suggests that appellant has paid any of the attorney’s fees originally
assessed.

Appellant
acknowledges the original judgment placing him on community supervision
included an order that he pay $337.50 in attorney’s fees and that this was part
of his plea bargain with the State. 
However, he argues no evidence was presented at the revocation hearing
regarding his ability to pay the $637.50 of attorney’s fees ordered in the
August 2010 judgment.  He prays for
reformation of the judgment deleting the assessment of court-appointed
attorney’s fees.  

The State
concedes the revocation record does not contain a determination or finding by
the trial court as to appellant’s financial resources or ability to pay.  However, the State argues the only error is
in the amount appellant should pay, asserting appellant agreed to pay $337.50
in court-appointed attorney’s fees as part of his original plea bargain with
the State, and the judgment should be modified to order payment of that amount.  

Under article 26.05(g) of the
Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of the fees of
court-appointed counsel if the court determines that a defendant has financial
resources that enable him to offset, in part or in whole, the costs of the
legal services provided. Tex.
Code Crim. Proc. Ann. art. 26.05(g) (West 2009); see Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2008), aff'd,
Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010).  “[T]he
defendant's financial resources and ability to pay are
explicit critical elements in the trial court's determination of
the propriety of ordering reimbursement of costs and fees." Mayer, 309
S.W.3d at 556. Accordingly, the record must supply a factual basis supporting a
determination the defendant is capable of repaying the attorney's fees
levied. Barrera
v. State,
291 S.W.3d 515, 518 (Tex.App.--Amarillo
2009, no pet.) (per curiam).

That
said, a plea agreement is generally held to constitute a contractual
arrangement between the State and the defendant. State v. Moore, 240 S.W.3d 248, 251 (Tex.Crim.App. 2007). Moreover, "[w]hen a
defendant agrees to the terms of a plea bargain agreement he is deemed to have entered
into the agreement knowingly and voluntarily unless he shows otherwise." Moore, 240 S.W.3d at 251 (quoting Ex parte Williams, 637 S.W.2d 943, 947 (Tex.Crim.App. 1982). 

Appellant
does not contend his plea agreement was tainted by unknowing or involuntary
agreement on his part.  The record on the
original guilty plea shows the trial court specifically stated, in open court,
appellant would pay $337.50 in attorney’s fees. The plea papers signed by
appellant also contain a provision stating he would pay the fees in the amount
of $337.50 and the order imposing conditions of his community supervision state
the same.  On this record, we agree with
the State that appellant’s plea agreement and plea are evidence he had the
financial ability to pay the $337.50 ordered in February 2009.  And, we agree that $337.50 of the $637.50
ordered in the August 2010 judgment simply was carried over from the earlier
judgment. 

However, we
agree with appellant, and the State concedes, that there is no evidence in the
record of the revocation proceeding to support the finding appellant has the
ability to repay the additional $300.00 in attorney’s fees ordered in August
2010.  Accordingly, we modify the
judgment to order payment of attorney’s fees in the amount of $337.50 rather
than $637.50.  As so modified, we affirm
the trial court’s judgment.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Pirtle,
J., dissenting.

 

Do
not publish.

 

 

 

            








 











[1] See
Tex. Penal Code Ann. § 28.02(d)(2) (West 2010).
This is a first degree felony punishable by imprisonment for life or for any
term of not more than 99 years or less than 5 years and a fine not to exceed
$10,000.  Tex. Penal
Code Ann. § 12.32 (West 2010).