NO. 07-10-00366-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 30, 2011

DAVID ANASTACIO MARQUEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17778-0809; HONORABLE ROBERT W. KINKAID JR., JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant David Anastacio Marquez appeals from the revocation of his community supervision, challenging the portion of the judgment requiring that he pay court-appointed attorney's fees in the amount of $637.50. We will modify the judgment and affirm it as modified.

Background

Appellant was indicted for first degree felony arson.[1]  He filed a financial affidavit for appointment of counsel and counsel was appointed on a finding of indigence. Appellant plead guilty under a plea bargain agreement in February 2009. As part of that plea, appellant agreed to ten years of imprisonment probated, a $1000 fine, $5000 in restitution, $285.00 in court costs, and $337.50 attorney's fees. The court placed appellant under community supervision with certain terms and conditions, including a provision stating appellant would pay $337.50 in attorney's fees.  No appeal was taken from this proceeding.

The State later filed a motion to revoke appellant's community supervision, in part due to appellant's failure to make payments toward the attorney's fees owed. Appellant was again provided court-appointed counsel based on a financial affidavit he filed.  In August 2010, the court revoked appellant's community supervision and assessed punishment at ten years of imprisonment, a $1000 fine, court costs in the amount of $285, $5000 in restitution and $637.50 in attorney's fees.  The judgment contains a special finding that appellant is financially able to pay appointed attorney's fees.  This appeal followed.

---

[1] *See* Tex. Penal Code Ann. § 28.02(d)(2) (West 2010). This is a first degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.32 (West 2010).

Analysis

Through a single issue, appellant argues the "trial court erred in ordering the defendant to pay court appointed attorney's fees in the amount of $637.50 in the trial court's judgment revoking community supervision, as the judgment was not supported by the evidence."

Comparison of the records of appellant's original plea proceeding in February 2009 and his revocation hearing in August 2010 shows that the $637.50 in attorney's fees ordered in the August 2010 judgment consists of the $337.50 contained in his plea agreement and $300 in attorney's fees incurred in the revocation proceeding. No one suggests that appellant has paid any of the attorney's fees originally assessed.

Appellant acknowledges the original judgment placing him on community supervision included an order that he pay $337.50 in attorney's fees and that this was part of his plea bargain with the State. However, he argues no evidence was presented at the revocation hearing regarding his ability to pay the $637.50 of attorney's fees ordered in the August 2010 judgment. He prays for reformation of the judgment deleting the assessment of court-appointed attorney's fees.

The State concedes the revocation record does not contain a determination or finding by the trial court as to appellant's financial resources or ability to pay. However, the State argues the only error is in the amount appellant should pay, asserting appellant agreed to pay $337.50 in court-appointed attorney's fees as part of his original plea bargain with the State, and the judgment should be modified to order payment of that amount.

3

Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority to order reimbursement of the fees of court-appointed counsel if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2009); *see Mayer v. State*, 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2008), *aff'd, Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556. Accordingly, the record must supply a factual basis supporting a determination the defendant is capable of repaying the attorney's fees levied. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.) (per curiam).

That said, a plea agreement is generally held to constitute a contractual arrangement between the State and the defendant. *State v. Moore*, 240 S.W.3d 248, 251 (Tex.Crim.App. 2007). Moreover, "[w]hen a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise." *Moore*, 240 S.W.3d at 251 (quoting *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App. 1982).

Appellant does not contend his plea agreement was tainted by unknowing or involuntary agreement on his part. The record on the original guilty plea shows the trial court specifically stated, in open court, appellant would pay $337.50 in attorney's fees. The plea papers signed by appellant also contain a provision stating he would pay the fees in the amount of $337.50 and the order imposing conditions of his community

4

supervision state the same. On this record, we agree with the State that appellant's plea agreement and plea are evidence he had the financial ability to pay the $337.50 ordered in February 2009. And, we agree that $337.50 of the $637.50 ordered in the August 2010 judgment simply was carried over from the earlier judgment.

However, we agree with appellant, and the State concedes, that there is no evidence in the record of the revocation proceeding to support the finding appellant has the ability to repay the additional $300.00 in attorney's fees ordered in August 2010. Accordingly, we modify the judgment to order payment of attorney's fees in the amount of $337.50 rather than $637.50. As so modified, we affirm the trial court's judgment.

James T. Campbell
Justice

Pirtle, J., dissenting.

Do not publish.

5