NO. 07-10-00337-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
29, 2011

 



 

REY MARTINEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF
POTTER COUNTY;

 

NO. 60,684-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK , JJ., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

A jury convicted appellant Rey
Martinez of the offense of theft of property under $1,500, third offense.[2]  Appellant then plead true to two prior state
jail felony convictions and the jury assessed punishment at ten years’
confinement in prison and a fine of $10,000.[3]  Through two issues on appeal, appellant
challenged the sufficiency of the evidence supporting an elemental enhancement
paragraph and the portion of the judgment ordering his repayment of
court-appointed attorney’s fees.  Finding
appellant voluntarily withdrew his sufficiency of the evidence issue and the
judgment erroneously requires appellant repay court-appointed attorney’s fees,
we will modify the judgment and affirm it as modified.

Analysis 

            Because
of the narrow issues on appeal, we will discuss only so much of the factual
background as necessary for our disposition. 


First Issue: Sufficiency of Evidence
of Prior Theft Convictions

A person commits the offense of theft
if he unlawfully appropriates property with the intent to deprive the owner of
property.  Tex. Penal
Code Ann. § 31.03(a) (West 2011). 
A person commits the offense of theft--third offense if the value of the
property stolen is less than $1,500 and the defendant has two or more prior
final convictions for any grade of theft. 
Tex. Penal Code Ann. § 31.03(e)(4)(D) (West
2011).  Thus, proof of the offense
requires sufficient evidence that appellant unlawfully appropriated property
with intent to deprive the owner of the property; the value of the property
stolen was less than $1,500; and appellant was previously convicted two or more
times of any grade of theft.  Lockett v. State, No.
01-03-0851-CR, 2004 Tex. App. Lexis 8782, at *4-*5 (Tex.App.--Houston
[1st Dist.] Sept. 30, 2004, pet. refused) (mem. op., not designated
for publication).  

In his brief, appellant argued the
State offered insufficient evidence of one of the two required prior theft
convictions because the reporter’s record omitted the judgment.  According to the trial record, at the
beginning of the State’s case-in-chief two judgments showing appellant’s prior
convictions for theft were admitted in evidence.  After appellant filed his brief, a
supplemental reporter’s record containing the omitted judgment was filed.  With leave of court, appellant then filed a
supplemental brief.  Therein he stated
his first issue was “made moot by the sworn supplement to the record filed by
the trial court reporter.”  He presents
no further argument of the issue and his prayer asks only for reformation of
the judgment.  We conclude appellant has
voluntarily withdrawn his first issue.  

Second Issue: Assessment of
Court-Appointed Attorney’s Fees

In his second issue, appellant
asserts the trial court abused its discretion by ordering appellant to repay
court-appointed attorney’s fees.  He asks
us to reform the judgment to delete the assessment of attorney’s fees.  According to the clerk’s record, trial
counsel was appointed for appellant on the basis of indigence.  A post-trial order appointed appellate
counsel for appellant, also on the ground of indigence.  The judgment, among other things, orders
appellant to pay court costs.  As for the
amount of court costs, the judgment provides “see attached.”  Immediately following the judgment in the
clerk’s record appears a bill of costs issued two days after imposition of
sentence.  Among the items listed on the
bill of costs is “Attorney Fees (Court Appointed) $4,500.”

A trial court has authority to order
reimbursement of the fees of court-appointed counsel if the court determines
that a defendant has financial resources that enable him to offset, in part or
in whole, the costs of the legal services provided.  Tex. Code Crim. Proc. Ann.
art. 26.05(g) (West Supp. 2010); Mayer
v. State, 274 S.W.3d 898, 901 (Tex.App.--Amarillo
2008), aff'd, 309 S.W.3d 552 (Tex.Crim.App.
2010).  But “[a] defendant who is
determined by the court to be indigent is presumed to remain indigent for the
remainder of the proceedings in the case unless a material change in the
defendant’s financial circumstances occurs.” 
Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010). 
“[T]he defendant’s financial resources and ability to pay are explicit
critical elements in the trial court’s determination of the propriety of
ordering reimbursement of costs and fees.” 
Mayer, 309
S.W.3d at 556.  Accordingly, the
record must supply a factual basis supporting a determination the defendant is
capable of repaying the attorney's fees levied. 
Barrera v.
State, 291 S.W.3d 515, 518 (Tex.App.--Amarillo
2009, no pet.) (per curiam).

Here, the record does not show the
trial court reconsidered its determination of indigency,
the occurrence of a material change in appellant’s financial circumstances, or
his ability to offset the cost of legal services provided.  Tex. Code Crim. Proc. Ann.
art. 26.04(p) and art. 26.05(g)
(West Supp. 2010).  We agree with
appellant, and the State concedes, there is no evidence appellant is able to
repay the $4,500 attorney’s fee assessment. 
Appellant’s second issue is sustained. 

Conclusion

We modify the judgment of the trial
court as follows.  At page 2, beneath the
heading “Furthermore, the following special findings or orders apply:”
there is added, “As used in this judgment, the term ‘court costs’ does not
include court-appointed attorney’s fees.” 
As so modified, we affirm the trial court’s judgment.  Tex. R. App. P. 43.2(b).

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish. 

 

 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.

 





[2] See
Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011) (providing theft of property
valued at less than $1,500 is a state jail felony if the defendant has two or
more prior final convictions of any grade of theft).





[3] On a showing at the trial of a state
jail felony that the defendant has two prior final convictions for state jail
felonies, on conviction the defendant shall be punished for a third-degree
felony.  Tex. Penal Code Ann. § 12.42(a)(1) (West 2011). The range of punishment for a third-degree
felony is imprisonment for 2 to 10 years in the Texas Department of Criminal
Justice, and a fine not exceeding $10,000 may also be assessed.  Tex. Penal Code Ann. § 12.34(a)(b) (West 2011).