# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00079-CR

**David Michael Juarez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 14170, HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed a judgment revoking appellant David Michael Juarez's community supervision and sentencing him to one year in jail and ordering him to pay a $170 fine and $400 in appointed attorney's fees.[1]  On appeal, his sole issue is that the trial court erred in ordering him to pay $400 in attorney's fees because he was indigent and represented by an appointed attorney.  *See Mayer v. State*, 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010) (citing Tex. Code Crim. Proc. art. 26.05(g)) ("trial court has authority to order reimbursement of appointed attorney fees if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided"; record did not contain determination that defendant had ability to pay appointed

---

[1] Juarez filed a motion for new trial, arguing among other things that he was indigent and that the trial court should therefore reform the judgment to remove the $400 in attorney's fees.

attorney's fees and, "[w]ithout evidence to demonstrate [defendant's] financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees"). The State has filed a brief stating that it agrees that the evidence is insufficient to support the attorney's fee assessment. We have reviewed the record and agree.[2] We therefore modify the judgment to remove the assessment of $400 in attorney's fees. As modified, we affirm the trial court's judgment revoking community supervision.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Modified and, as Modified, Affirmed

Filed: July 31, 2014

Do Not Publish

---

[2] Juarez initially appears to have retained an attorney and posted bail, but his retained attorney withdrew and, shortly thereafter, the trial court appointed an attorney to represent Juarez. After Juarez was sentenced to jail, his appointed attorney filed a motion to withdraw, stating that Juarez had retained an attorney. However, in its order granting the motion to withdraw, the trial court appointed a new attorney. Juarez's new appointed attorney filed a motion for a free reporter's record, stating that Juarez was indigent and unable to pay for the record. At the hearing on the State's motion to revoke, there was no discussion of Juarez's ability to pay any portion of his appointed attorney's fees, much less any evidence related to his financial resources.