

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00012-CR

DAVID JOSEPH GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 426th District Court
Bell County, Texas
Trial Court No. 73960, Honorable Fancy H. Jezek, Presiding

April 19, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

David Joseph Gonzalez, appellant, appeals his conviction for aggravated assault. Through two issues, he contends that 1) the evidence is insufficient to support his ability to pay court appointed attorney's fees and 2) the judgment incorrectly shows appellant pled "guilty" when he actually pled "not guilty."[1] We affirm as modified.

---

[1] Because the appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent where available. TEX. R. APP. P. 41.3.

### Background

Appellant was indicted on February 18, 2015 for the offense of aggravated assault by causing serious bodily injury. The trial court assigned him appointed counsel due to his status as an indigent. On day of trial, appellant waived his right to a jury and entered a plea of "not guilty." Upon completion of trial, the trial court found him guilty and assessed punishment at ten years in prison. The imposition of that sentence was suspended, and appellant was placed on community supervision for six years. As a condition of his community supervision, he was ordered to pay $2,502.50 in attorney's fees. Furthermore, that obligation was incorporated into the judgment, which decree also reflected that appellant pled "guilty."

### Issues

In his first issue, appellant contends that the trial court erred in requiring him to pay attorney's fees. In his second, he contends that the judgment incorrectly reflects that he pled guilty. The State conceded the accuracy of both issues. Consequently, we sustain the issues, modify the judgment to remove the obligation to pay attorney's fees as a condition of community supervision, and modify the judgment to indicate that appellant pled "not guilty" to the charge for which he was indicted and tried. *See Mayer v. State*, 274 S.W.3d 898, 902 (Tex. App.—Amarillo 2008), *affirmed*, 309 S.W.3d 552 (Tex. Crim. App. 2010) (modified the judgment to delete the requirement imposed on an indigent defendant to pay attorney's fees); *Rago v. State*, No. 03-13-00798-CR, 2015 Tex. App. LEXIS 13026, at *17 (Tex. App.—Austin December 31, 2015, no pet.) (mem. op., not designated for publication) (noting that a court of appeals has the authority to modify incorrect judgments when the necessary information is available to do so).

Accordingly, the trial court's judgment is affirmed as modified.

Brian Quinn
Chief Justice

Do not publish.