NO. 07-10-00337-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 29, 2011

REY MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,684-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before CAMPBELL and HANCOCK , JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

A jury convicted appellant Rey Martinez of the offense of theft of property under $1,500, third offense.[2] Appellant then plead true to two prior state jail felony convictions and the jury assessed punishment at ten years' confinement in prison and a fine of

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011) (providing theft of property valued at less than $1,500 is a state jail felony if the defendant has two or more prior final convictions of any grade of theft).

$10,000.[3]  Through two issues on appeal, appellant challenged the sufficiency of the evidence supporting an elemental enhancement paragraph and the portion of the judgment ordering his repayment of court-appointed attorney's fees.  Finding appellant voluntarily withdrew his sufficiency of the evidence issue and the judgment erroneously requires appellant repay court-appointed attorney's fees, we will modify the judgment and affirm it as modified.

Analysis

Because of the narrow issues on appeal, we will discuss only so much of the factual background as necessary for our disposition.

First Issue: Sufficiency of Evidence of Prior Theft Convictions

A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of property.  Tex. Penal Code Ann. § 31.03(a) (West 2011).  A person commits the offense of theft--third offense if the value of the property stolen is less than $1,500 and the defendant has two or more prior final convictions for any grade of theft.  Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011).  Thus, proof of the offense requires sufficient evidence that appellant unlawfully appropriated property with intent to deprive the owner of the property; the value of the property stolen was less

---

[3] On a showing at the trial of a state jail felony that the defendant has two prior final convictions for state jail felonies, on conviction the defendant shall be punished for a third-degree felony.  Tex. Penal Code Ann. § 12.42(a)(1) (West 2011). The range of punishment for a third-degree felony is imprisonment for 2 to 10 years in the Texas Department of Criminal Justice, and a fine not exceeding $10,000 may also be assessed.  Tex. Penal Code Ann. § 12.34(a)(b) (West 2011).

than $1,500; and appellant was previously convicted two or more times of any grade of theft. *Lockett v. State,* No. 01-03-0851-CR, 2004 Tex. App. Lexis 8782, at *4-*5 (Tex.App.--Houston [1st Dist.] Sept. 30, 2004, pet. refused) (mem. op., not designated for publication).

In his brief, appellant argued the State offered insufficient evidence of one of the two required prior theft convictions because the reporter's record omitted the judgment. According to the trial record, at the beginning of the State's case-in-chief two judgments showing appellant's prior convictions for theft were admitted in evidence. After appellant filed his brief, a supplemental reporter's record containing the omitted judgment was filed. With leave of court, appellant then filed a supplemental brief. Therein he stated his first issue was "made moot by the sworn supplement to the record filed by the trial court reporter." He presents no further argument of the issue and his prayer asks only for reformation of the judgment. We conclude appellant has voluntarily withdrawn his first issue.

Second Issue: Assessment of Court-Appointed Attorney's Fees

In his second issue, appellant asserts the trial court abused its discretion by ordering appellant to repay court-appointed attorney's fees. He asks us to reform the judgment to delete the assessment of attorney's fees. According to the clerk's record, trial counsel was appointed for appellant on the basis of indigence. A post-trial order appointed appellate counsel for appellant, also on the ground of indigence. The judgment, among other things, orders appellant to pay court costs. As for the amount of court costs, the judgment provides "see attached." Immediately following the judgment

3

in the clerk's record appears a bill of costs issued two days after imposition of sentence. Among the items listed on the bill of costs is "Attorney Fees (Court Appointed) $4,500."

A trial court has authority to order reimbursement of the fees of court-appointed counsel if the court determines that a defendant has financial resources that enable him to offset, in part or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010); *Mayer v. State,* 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2008), *aff'd,* 309 S.W.3d 552 (Tex.Crim.App. 2010). But "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer,* 309 S.W.3d at 556. Accordingly, the record must supply a factual basis supporting a determination the defendant is capable of repaying the attorney's fees levied. *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.) (per curiam).

Here, the record does not show the trial court reconsidered its determination of indigency, the occurrence of a material change in appellant's financial circumstances, or his ability to offset the cost of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.04(p) and art. 26.05(g) (West Supp. 2010). We agree with appellant, and the State concedes, there is no evidence appellant is able to repay the $4,500 attorney's fee assessment. Appellant's second issue is sustained.

## Conclusion

We modify the judgment of the trial court as follows. At page 2, beneath the heading "<u>Furthermore, the following special findings or orders apply:</u>" there is added, "As used in this judgment, the term 'court costs' does not include court-appointed attorney's fees." As so modified, we affirm the trial court's judgment. Tex. R. App. P. 43.2(b).

James T. Campbell
Justice

Do not publish.