NO. 07-10-00504-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2012

_____

LINDA ROBINSON TOLBERT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19,251-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Linda Robinson Tolbert appeals her conviction and sentence for hindering apprehension or prosecution[1] following the revocation of her deferred adjudication community supervision. Her court-appointed appellate counsel has filed a

---

[1] *See* Tex. Penal Code Ann. § 38.05(a) (West 2011). Because the person appellant harbored or concealed was under arrest for, charged with, or convicted of a felony, the punishment for appellant's offense was elevated to a third degree felony. Tex. Penal Code Ann. § 38.05(d) (West 2011). A third degree felony is punishable by imprisonment for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34(a),(b) (West 2011).

motion to withdraw supported by an *Anders*[2] brief. We will grant counsel's motion to withdraw, modify the judgment to delete taxation of appellant with attorney's fees, and affirm the judgment as modified.

## Background

In November 2007, a Randall County grand jury indicted appellant for the offense of hindering apprehension or prosecution. Appellant plead guilty to the charged offense. At a June 2008 hearing, the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of four years. It also assessed a fine of $1,000.

The State filed a motion to proceed with adjudication of guilt in August 2010. It alleged appellant failed to comply with seven conditions of her community supervision order. The alleged violations included smoking methamphetamine and failing to submit to urinalysis at the request of the community supervision department.

At the November 2010 hearing of the State's motion, appellant entered an open plea of true to each of the alleged violations of community supervision. Appellant's community supervision officer testified that his "biggest concern" with appellant's prospect of success on community supervision was her drug use. He added that appellant tested positive for methamphetamine and admitted use of this substance to him. The officer recommended placement of appellant in a substance abuse felony punishment facility. Appellant also testified. Concerning use of illegal drugs, she

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding) ("[T]he sole purpose of an *Anders* brief is to explain and support the motion to withdraw").

admitted smoking methamphetamine at a party, using marijuana for thirty-eight years, and failing on three occasions to submit to urinalysis in fear the result would be positive for marijuana. There was testimony from appellant and her community supervision officer that appellant did not have problems keeping the terms of her community supervision order until her husband of twenty-six years died in 2009.

At the conclusion of the hearing, the trial court found appellant violated her community supervision order and adjudicated her guilty of hindering apprehension. Punishment was assessed at confinement in prison for five years and a fine of $1,000. A written judgment signed on December 6, 2010, incorrectly recited appellant's sentence and fine were according to the terms of a plea bargain. A judgment nunc pro tunc signed on February 16, 2011, deleted the reference to terms of a plea bargain.

Analysis

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. Counsel discusses two grounds of potential error but concludes the trial court did not abuse its discretion by revoking appellant's community supervision and imposing a sentence within the permissible range. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out the right of appellant to review the record and file a *pro se* response and her right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals should she receive an

3

adverse decision by this court. By letter, this court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel.[3] Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

The judgment orders that appellant repay all court costs. The clerk's bill of costs includes the entry "attorney fees $400.00." However, the record does not contain a determination by the trial court of appellant's ability to pay attorney's fees. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). Rather, the record shows trial and appellate counsel were appointed for appellant on the basis of indigence. Accordingly, we modify the trial court's judgment by adding the following provision at page 2 beneath

---

[3] A *pro se* response "is not a merits brief, it is merely an informal opportunity for the indigent defendant to present what he believes are claims or issues or areas of procedural or substantive concern that arguably deserve a full merits brief by a second attorney." *In re Schulman,* 252 S.W.3d at 409 n.23.

4

the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court appointed attorney's fees." *See Mayer v. State,* 274 S.W.3d 898, 902 (Tex.App.--Amarillo 2008), *aff'd,* 309 S.W.3d 552 (Tex.Crim.App. 2010) (judgment modified).

Conclusion

The motion of counsel to withdraw is granted and, as modified, the judgment of the trial court is affirmed.[4]  Tex. R. App. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  Tex. R. App. P. 48.4.