NO. 07-11-00178-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 8, 2012
--------------------------------------------------------------------------------

 
 ALLEN DWAYNE BATES, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;
 
 NO. 61,464-D; HONORABLE RICHARD DAMBOLD, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
 By bench trial, appellant Allen Wayne Bates was convicted of attempted robbery and with an enhancement finding was sentenced to twenty years in prison. Through a single issue on appeal, he contends the evidence was insufficient to support an order that he repay the fees of his court-appointed attorney. The State does not disagree. We will modify the judgment and, as modified, affirm. 
 
 
 Background
 Because of the narrow issue before us, we will discuss only so much of the factual background as necessary for our disposition. A July 2010 indictment charged appellant with robbery and alleged a prior felony conviction for enhancement of punishment. The court found appellant to be indigent and appointed him counsel. 
After a trial in February 2011, the court found him guilty of the lesser-included offense of attempted robbery. Appellant plead true to the enhancement paragraph and was sentenced. A written judgment was signed on March 10, 2011.
 After trial appellant again told the court he was too poor to employ counsel. The court appointed appellate counsel for appellant, and ordered a free appellate record.
The court's judgment orders appellant to pay court costs, "as per attached Bill of Costs." Immediately following the judgment in the clerk's record appears a bill of costs dated March 11, 2011, stating a total balance due of $229. No attorney's fees are listed on the cost bill. 
On November 15, 2011, a supplemental clerk's record was filed containing a bill of costs dated November 2, 2011. To the previous balance of $229, this new bill adds attorney's fees of $1,100. A notice printed across the bottom of the document states that other fees may be added later.
A trial court has authority to order reimbursement of the fees of court-appointed counsel if the court determines that a defendant has financial resources enabling him to offset, in part or in whole, the costs of the legal services provided. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011); Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2008), aff'd, 309 S.W.3d 552 (Tex.Crim.App. 2010). But "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." Mayer, 309 S.W.3d at 556. Accordingly, the record must supply a factual basis supporting a determination the defendant is capable of repaying the attorney's fees levied. Barrera v. State, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.) (per curiam).
Here, the record does not show the trial court reconsidered its determination appellant was indigent, nor does it reflect a material change in appellant's financial circumstances or his ability to offset the cost of legal services provided. Tex. Code Crim. Proc. Ann. art. 26.04(p) & art. 26.05(g) (West Supp. 2011). We agree that no evidence supports the ability of appellant to repay attorney's fees of $1,100.
That the bill of costs containing the attorney's fees was issued several months after the judgment, and is not the bill "attached" to the judgment, to which the judgment expressly refers, does not hinder our ability to address its contents on direct appeal. See Armstrong v. State, 340 S.W.3d 759, 767 (Tex.Crim.App. 2011) ("attorney fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment"). 
 Conclusion
We modify the written judgment of the trial court as follows. At page 2, beneath the heading "Furthermore, the following special findings or orders apply:" we add, "As used in this judgment, the term `court costs' does not include court-appointed attorney's fees." As so modified, the judgment is affirmed. Tex. R. App. P. 43.2(b).

 James T. Campbell
 Justice

Do not publish.