NO. 07-10-00349-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 29, 2012

LAQUINTIN JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-426,465; HONORABLE CECIL G. PURYEAR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant LaQuintin Johnson appeals from his conviction by jury of the offense of burglary of a habitation[1] and the resulting sentence of twenty years of imprisonment. Appellant challenges his conviction through three issues. We will affirm.

Background

At trial, the State presented evidence to show that near midnight on March 24, 2009, the victim, a twenty-four-year-old woman, was watching television in her home in

---

[1] Tex. Penal Code Ann. § 30.02(a)(1) (West 2010). This is a second degree felony punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West 2003).

Lubbock. Her front door was unlocked while she awaited the arrival of houseguests. Instead of the guests she expected, three men entered her home. Two of them had their faces covered, one wearing a bandanna and a cap, the other wearing pantyhose over his face and surgical plastic gloves. These two men proceeded to sexually assault the victim while the third man ran through the house taking items, including a laptop computer and other electronic items. When they left, the victim called 9-1-1 and her guests, who soon arrived to find her distraught. Police later spoke with the victim's sister, who also lived in the residence but was away at the time. That conversation led police to appellant, who previously had dated the sister.

Appellant provided police two written sworn statements. In the first statement, he described his previous dating relationship with the victim's sister and acknowledged attending parties at the residence. He denied any involvement in the burglary but implicated others including Danny Wilson and Kevin Price. He told police that after the burglary he saw items including a laptop computer belonging to the victim's sister, his former girlfriend, in the possession of a man who said he bought them from Wilson and Price.

Appellant's second statement contains the acknowledgement he was not "completely truthful" in his first statement. The second statement related a version of the events in which appellant described being present in an apartment when Wilson, Price and others decided to retrieve some property Wilson said had been stolen from him. Appellant further related how the group left in two cars, with him a passenger in one, and appellant was surprised when the house at which the group stopped was that of his former girlfriend. He described his unsuccessful efforts to dissuade Wilson and

2

others from taking items from the house, and described his later efforts to recover items so he could return them to his former girlfriend.

Appellant also testified at trial, giving a third version of the events. He acknowledged to the jury that both of his statements to police contained untruths, but swore he was telling the truth to the jury, still denying he planned the burglary of the home.

Another witness testified she was present in the apartment when the burglary was planned and that appellant was a leader in the planning. She also indicated her belief appellant led the group to the house of his former girlfriend.

Wilson and Price were among those charged with offenses arising from the burglary. By the time of trial in this case, Price had plead guilty to burglary of the residence and sexual assault of the victim, and had been sentenced.

The charge to the jury authorized appellant's conviction under the law of parties. Appellant's issues on appeal do not challenge the sufficiency of the evidence supporting his conviction.

Analysis

Issue One - Confrontation Clause

Appellant's first issue presents a claim his confrontation rights were violated at his trial. During its case-in-chief, the State called Kevin Price to the stand. Price was not a cooperative witness. After answering some preliminary questions and responding affirmatively to a question asking if Danny Wilson and other individuals were involved in

3

the events that lead to his guilty plea, Price was asked about appellant's involvement. At that point he refused to answer the prosecutor's further questions concerning the events at the residence, saying, "[e]verything that was said at my hearing is on paper. If that's what y'all need. Y'all got it. Other than that, I don't have nothing to say."

The prosecutor objected to Price's refusal to respond to questions, and asked to "impeach" him with prior statements he made to police. The trial court allowed the State to do so. Appellant raised no objection. The prosecutor proceeded to read from Price's statements, a few sentences at a time, periodically asking Price, "Isn't that true?" The record indicates no response from Price to those inquiries. After this method of presentation of evidence continued for a period occupying some four pages of the reporter's record, appellant objected, stating, "At this point let me object to the form of the impeachment, as well as to the reading of the document, and the witness is refusing to answer. I would object under those grounds." The court overruled the objection. Appellant a short time later added an objection "Rule 613 of the Rules of Evidence." He also asked for and received a running objection on these bases. The State continued to read from Price's statements and ask questions to which Price did not respond. Price's statements described appellant's leading role in the instigation of the burglary of the residence, although Price said appellant did not actually enter the home that evening. The statements confirmed that Price and Wilson were the two who sexually assaulted the victim.

When the prosecutor then asked Price to identify an exhibit consisting of a transcript of his testimony during the sentencing phase of his trial, Price threw the transcript down, causing the court to order him removed from the courtroom. At that

4

point the State offered into evidence Price's two statements to police. Appellant's counsel stated, "Judge, of course, with the recitations and the Court's rulings, we have no further objections." The court overruled the objection and admitted the two statements.

The State then offered the transcript of Price's sentencing phase testimony. Appellant's counsel objected on the basis of hearsay, and raised an objection under the Confrontation Clause, noting appellant had no counsel present to cross-examine Price at his trial. The court overruled that objection and admitted the transcript, though the State later withdrew it and the transcript was not given to the jury.

Appellant's first issue presents the contention the trial court erred by allowing the State to read Price's statements to the jury after Price refused to answer the prosecutor's questions, because doing so violated his right to confront and cross-examine the witnesses against him as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Texas Constitution. U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10.

The State points out the issue raised on appeal does not comport with the objection appellant made at trial to the reading of Price's statements, and thus is not preserved for our review. We must agree.

"[F]ailure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." *Saldano v. State*, 70 S.W.3d 873, 889 (Tex.Crim.App. 2002) (footnote omitted); *see Briggs v. State,* 789 S.W.2d 918, 923

5

(Tex.Crim.App. 1990) (noting constitutional error may be waived). General rules of preservation must be followed to preserve error on Confrontation Clause grounds. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004) (finding Confrontation Clause argument not preserved because of failure to object on that ground in trial court). *See also Reyna v. State,* 168 S.W.3d 173, 176-77 (Tex.Crim.App. 2005) (also applying error preservation requirement with regard to Confrontation Clause argument); *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex.Crim.App. 2004) (to preserve contention for appellate review, appellate complaint must comport with objection in trial court); *Martinez v. State,* 91 S.W.3d 331, 335-36 (Tex.Crim.App. 2002) (party complaining on appeal of trial court's admission, exclusion, or suppression of evidence "must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule [or statute] in question and its precise and proper application to the evidence in question").

In *Parades*, the Court of Criminal Appeals found a Confrontation Clause argument on appeal not preserved by a hearsay trial objection. 129 S.W.3d at 535. The same must be said of appellant's objections based on "the form of impeachment," the "reading of the statement," the "witness refusing to testify," and "Rule 613 of the Rules of Evidence." Such objections did not bring to the trial court's attention that appellant was asserting his rights under the Confrontation Clause. Tex. R. App. P. 33.1(a)(1). This would especially be true here when it is recalled that Price was on the witness stand at the time the objections were raised.

Appellant argues his failure to object on Confrontation Clause grounds to the State's reading of Price's statements should be excused because, though Price was on

6

the stand and ostensibly subject to his cross-examination, appellant was "robbed" of that opportunity when the trial court later had him removed from the courtroom. But neither did appellant raise an objection to that action of the trial court. If his appellate complaint actually is that the trial court's error was failing to tender him the opportunity to conduct cross-examination before having Price removed from the courtroom, and that the error violated his Confrontation Clause rights, under the rules that govern our review, the record must show a timely complaint made to the trial court. Tex. R. App. P. 33.1(a). Appellant's only objection on confrontation grounds was raised to the admission of the transcript of Price's punishment testimony at his trial. We see no way the objection made at that time can fairly be applied to the State's earlier reading of Price's statements while he was still on the stand. Agreeing with the State that it is not preserved for our review, we overrule appellant's first issue.

Issues Two and Three - Exclusion of Testimony

In appellant's second and third issues, he contends the trial court abused its discretion by preventing him from presenting exculpatory evidence for the jury's consideration, thereby denying him due process of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. U.S. Const. amends. V, VI, XIV.

During appellant's case-in-chief, he called two witnesses outside the presence of the jury. Victor Lee Herrera testified to a conversation he had with Kevin Price about a year before appellant's trial, while Herrera and Price were incarcerated in the Lubbock County Jail. Herrera described his conversation with Price as follows:

7

Well, the conversation occurred because one of the other inmates had recognized who [Price] was and he had asked him if he was the guy that raped the girl. And he said he was. And I recognized that he was involved with [appellant's] case and I asked him what [appellant] had to do with the case and he told me [appellant] didn't have anything to do with it, that he was just trying to get out of trouble.

The State did not cross-examine Herrera and the trial court did not permit the testimony in front of the jury.

The second witness was Jeremy Lawson, who was being held in the Lubbock County jail at the time of appellant's trial. Lawson told the court that during lunch at the jail that day, he saw appellant speaking with another man. From pictures shown him on the stand, Lawson identified the other man as Gary Wilson. Gary Wilson is Danny Wilson's brother, and also was involved in the burglary. Lawson said Gary Wilson was "serving chow" and, when appellant was returned to the jail during lunch, Lawson noticed, appellant and Gary Wilson began a conversation. Lawson said he did not hear all their conversation, and did not hear any of what appellant said, but did overhear Gary Wilson say to appellant that "he [knew] that [appellant] didn't set up whatever – whatever had went down [sic], he knew he wasn't the one who had set it up . . . ."

The State objected to Lawson's testimony on the bases of hearsay and relevance. The trial court sustained the State's objection to hearsay, and did not permit Lawson to testify before the jury.

A trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion. *Ramos v. State,* 245 S.W.3d 410, 418 (Tex.Crim.App. 2008); *Montgomery v. State,* 801 S.W.2d 390, 391 (Tex.Crim.App. 1990) (op. on reh'g). The

8

ruling will be upheld on appeal if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Ramos,* 245 S.W.3d at 418.

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Hearsay testimony is generally inadmissible at trial unless the statement falls within a recognized exception to the hearsay rule. Tex. R. Evid. 802; *McCarty v. State,* 257 S.W.3d 238, 239 (Tex.Crim.App. 2008).

We agree with the State the trial court did not abuse its discretion in excluding the proffered testimony of Herrera and Lawson. Appellant called Herrera and Lawson to testify to out-of-court statements of Price and Gary Wilson, for the purpose of proving the truth of their assertions exculpating appellant. The testimony of both was hearsay.

Appellant does not object to the characterization of the proffered testimony as hearsay, but argues the testimony nonetheless should have been admitted under *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), in exercise of his fundamental right to present a defense. The Court in *Chambers* established "no new principles of constitutional law." "Rather," the Court said, it held "quite simply that under the facts and circumstances of this case the rulings of the trial court deprived Chambers of a fair trial." 410 U.S. at 302-03. In *Chambers*, the Mississippi trial court, under evidentiary rules in effect in that state at the time, refused Chambers permission to cross-examine McDonald, a witness Chambers had called, regarding McDonald's repudiation of his sworn confession to the murder for which Chambers was being tried. *Id.* at 295-96. The trial court also excluded hearsay testimony of three proffered witnesses to statements McDonald had made in their

9

hearing, again under evidentiary rules then in effect. *Id.* at 298-99. The Court found the proffered hearsay statements "bore persuasive assurances of trustworthiness" and were "within the basic rationale of the exception for declarations against interest." *Id.* at 302.[2] Further noting that the excluded testimony was critical to Chambers' defense, the Court cautioned that "the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Id.* at 313. Despite its conclusion that Chambers had been denied a fair trial by the exclusion of testimony, the Court noted, that the accused, as well as the State, "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* In *Miller v. State,* 36 S.W.3d 503 (Tex.Crim.App. 2001), the Court of Criminal Appeals drew from *Chambers* the statement, "[a] defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule." 36 S.W.3d at 507 (citing *Chambers*, 410 U.S. at 302); s*ee Hidrogo v. State,* No. 11-09-00310-CR, 2011 Tex.App. LEXIS 2585 (Tex.App.—Eastland April 7, 2011, no pet.) (mem. op., not designated for publication) (applying *Chambers* and *Miller*).

Appellant does not identify an exception to the hearsay rule applicable, or even arguably applicable, to the testimony of Herrera and Lawson concerning the statements of Price and Gary Wilson. As evidence of appellant's guilt or innocence, the proffered testimony bore weak assurances of trustworthiness, both because the jailhouse

---

[2] Mississippi recognized a hearsay exception for declarations against interest, but limited the exception to declarations against pecuniary interest. McDonald's statements would have been against his penal interest. *Chambers,* 410 U.S. at 299-300.

10

statements were made by co-defendants and because neither witness was able to give more than the briefest summary of what Price and Wilson said. For both those reasons, and because of the vague nature of the statements of Price and Wilson, as described by Herrera and Lawson, the relevance of the proferred testimony is doubtful. Finally, the testimony of Herrera and Lawson hardly can be called critical to appellant's defense. Kevin Price testified at trial and Gary Wilson was that day in the Lubbock County Jail, both apparently available and able to tell the jury appellant "didn't have anything to do with it" and "wasn't the one who had set it up," if indeed such would have been their testimony.

For those reasons, we cannot agree appellant's fundamental right to present a defense was contravened by the trial court's exclusion of Herrera's and Lawson's testimony. We find no abuse of discretion in the trial court's ruling and resolve appellant's second and third issues against him.

Attorney's Fees

We note that by its judgment the trial court ordered appellant to repay $5317.50 paid his court-appointed attorney. Article 26.05(g) of the Texas Code of Criminal Procedure provides, "[i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, . . . the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay." Tex. Code Crim. Proc. Ann. art. 26.05(g) (West 2011). Key factors in determining the propriety of ordering reimbursement of costs and fees are the defendant's financial resources and ability to pay. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex.Crim.App.

2010). "Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees." *Mayer v. State*, 274 S.W.3d 898, 901 (Tex.App.--Amarillo 2008), *aff'd*, 309 S.W.3d at 558. The record here does not indicate the trial court had evidence appellant had the ability to repay attorney's fees. We conclude the evidence supporting this portion of the judgment is insufficient. We accordingly modify the judgment to remove the order that appellant repay $5317.50 attorney's fees, and, having overruled appellant's issues, affirm the judgment of the trial court as modified.

James T. Campbell
Justice

Do not publish.