

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00417-CR

TERRY WAYNE WILLIS
A/K/A TERRY WAYNE COLLINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 65359-C, Honorable Ana Estevez, Presiding

August 12, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Terry Wayne Willis a/k/a Terry Wayne Collins appeals his conviction for possession of less than one gram of methamphetamine and resulting sentence of twenty years' confinement.[1]  His court-appointed appellate counsel has filed a motion to

---

[1] Appellant's sentence was enhanced by a drug-free zone finding and evidence of a prior felony conviction.  Possession of less than one gram of methamphetamine is a state jail felony.  *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.115(b) (West 2010).  An offense otherwise punishable as a state jail felony under § 481.115(b), committed in a specified drug-free zone, is a felony of the third degree.  *See* TEX. HEALTH AND SAFETY

withdraw supported by an *Anders*[2] brief. We will grant counsel's motion to withdraw, modify the judgment so that appellant is not taxed with court-appointed attorney's fees, and affirm the judgment as modified.

In a trial spanning two days, a jury convicted appellant of the charged offense and assessed the noted punishment which the trial court imposed. This appeal followed.

In the *Anders* brief, counsel certifies his diligent review of the record. In his professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate ground to predicate a non-frivolous appeal. The brief discusses the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel certifies appellant was served a copy of the *Anders* brief and motion to withdraw. Attached to the brief is a copy of counsel's letter to appellant, among other things, notifying him of the right to file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. refused). The letter also indicates counsel's intention of providing appellant a copy of the record via separate mailing. By letter, this Court also notified appellant of his

_____

CODE ANN. § 481.134(d)(1) (West Supp. 2014). A third degree felony enhanced by a prior felony conviction is punishable as a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014). The punishment range for a second degree felony is a term of confinement in prison of not more than twenty years or less than two years and, in addition to imprisonment, a fine not exceeding $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (West 2011).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008).

opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

We have independently reviewed the entire record to determine whether an arguable ground for appeal exists. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We found no such arguable ground supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

The written judgment orders appellant to repay all court costs "as per attached Bill of Cost." Elsewhere it states, "Court Costs: As per attached Bill of Cost." The attached bill of costs contains the entry: "Attorney Fee(s)-Original Plea Agreement . . . 2,700.00." The record contains no evidence of a plea-bargain agreement, much less an indication that appellant was ordered to repay attorney's fees of $2,700. Rather, according to an "attorney fee voucher," approved by the trial court, appellant's trial counsel requested payment of $2,700 for the court-appointed representation.

The record also does not contain a determination by the trial court of appellant's ability to pay attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). Instead, the record shows trial and appellate counsel were appointed for appellant on the basis of indigence.

Accordingly, we modify the order of court costs at page two of the judgment. The order currently decrees: "The Court ORDERS Defendant to pay all fines, court costs, and restitution as per attached Bill of Cost." As modified, the order decrees: "The Court ORDERS Defendant to pay all fines, court costs, and restitution as per attached Bill of

3

Cost.  As used in this judgment the term 'court costs' does not include an amount of court-appointed attorney's fees."  See *Mayer v. State,* 274 S.W.3d 898, 902 (Tex. App.—Amarillo 2008)*, aff'd,* 309 S.W.3d 552 (Tex. Crim. App. 2010) (judgment modified).

We grant counsel's motion to withdraw[3] and, as modified, affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  TEX. R. APP. P. 48.4.